368 So.2d 1129 (1979)
Arthur Ray GUIDRY et ux., Plaintiffs-Appellees,
v.
Mitchell K. BARRAS et ux., Defendants and Third Party Plaintiffs-Appellants,
Suburban Real Estate, Inc., Third Party Defendant-Appellee.
No. 6848.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1130 P. Michael Maneille, Lake Charles, for defendants and third party plaintiffs-appellants.
Hunt, Godwin, Painter & Roddy, John Stewart Hood, Lake Charles, Scofield, Bergstedt & Gerard, Benjamin W. Mount, Lake Charles, for third party defendant-appellee.
Ronald J. Bertrand, Lake Charles, for plaintiffs-appellees.
Before CULPEPPER, FORET and DOUCET, JJ.
FORET, Judge.
Plaintiffs, Mr. and Mrs. Arthur Guidry, purchased a residential home from the defendants, Mr. and Mrs. Mitchell Barras. Shortly after moving in, the Guidrys experienced substantial flooding after each heavy rain. They instituted this redhibitory action against the vendors for rescission of the sale.
The defendants filed an answer in which they denied having knowledge of any unusual flooding problems (Tr., pg. 9). They further instituted a third party demand against the realtor who negotiated the sale of the property, Suburban Real Estate, Inc., alleging that they had full knowledge concerning all aspects of the property and were liable "as a result of any failure to state information about the property." (Tr., pg. 11).
The only vice in the property complained of by the Guidrys is that of flooding. Although inconsistent, the import of these allegations is that the Barrases had no knowledge of unusual flooding but that they had told their realtors of such problems and Suburban should be held liable for concealing or withholding this vital information from the purchasers. The only other possible construction would place a duty upon the realtors to have independently sought out information in regards to flooding.
*1131 Suburban filed a peremptory exception of no cause of action which the trial court sustained on May 26, 1978. Later, in a separate judgment on July 7, 1978, the court denied the Barras' request to amend their third party petition. Thereafter, a motion and order for an appeal from the judgment of May 26, 1978 was filed with and signed by the trial court.
From this factual situation, the following issues are presented:
(1) What issues are actually before this Court?
Appellees insist that because no appeal was taken from the judgment denying the third party plaintiffs' requested opportunity to amend their petition, signed on July 7, 1978, that question is not before the court. They contend that if the Barrases had intended to raise the question of their right to amend, they should have appealed from the judgment of July 7, as well as the judgment signed on May 26. No cases or statutes are cited in support of this proposition.
Appellees' contentions are invalid. Code of Civil Procedure Article 934 mandates that "the judgment sustaining the exception [the May 26th judgment appealed from] shall order such an amendment" when the grounds of the objection can be removed. Thus, if an amendment could have removed the grounds for the exception, then that order should have been contained in the "judgment sustaining the exception," i. e., the judgment actually appealed from and signed on May 26, 1978. Although the trial courts can allow amendments at a later date, absence of the denial from the initial judgment sustaining the exception should not prejudice the appellants' right to have this question heard by the appellate courts.
An appellate court can render any judgment which is just and proper on the record before it. LSA-C.C.P. Article 2164. Since the whole record is before us, and because the major point raised by appellants in their brief is that concerning the requested amendment, this Court may make a determination on that question. To hold otherwise would place the enforcement of a rigid technical rule, without sound support, above the more favored modern theory of finding and doing substantial justice for the parties.
(2) Does the judicial confession estop a curative amendment?
A party is not inexorably bound by testimony given on the witness stand or by factual allegations contained in pleadings from a prior suit. Jackson v. Gulf Ins. Co., 250 La. 819, 199 So.2d 886 (1967); and Sanderson v. Frost, 198 La. 295, 3 So.2d 626 (1941). Other cases have further indicated that a party litigant is not even bound by factual allegations made in the same suit unless his adversary has relied upon those allegations to his detriment. DeMaupassant v. Clayton, 214 La. 812, 38 So.2d 791 (1949); J. H. Jenkins Contractors, Inc. v. Farriel, 261 La. 374, 259 So.2d 882 (1972); Mouledous v. Poirier, 221 So.2d 291 (La. App. 4 Cir. 1969).
These latter cases seem to be in direct conflict with the language of Article 2291 of our Civil Code:
"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
"It amounts to full proof against him who has made it. . . . It can not be revoked, unless it be proved to have been made through an error [of] fact. . . ."
Still other cases indicate that the mandate of Article 2291 has been followed, holding that on factual matters, a party is bound by his pleadings and stipulations therein. Jackson v. Gulf Ins. Co., supra; State v. Ward, 314 So.2d 383 (La.App. 3 Cir. 1975). These cases do not state that revocation is prohibited only if an adversary relied upon the declarations to their detriment.
It has been suggested that these factual allegations should be binding at least until an amendment is made. 30 La.L.Rev. 326; Pugh on Evidence, p. 437. That writer further suggested that if the factual allegations are wrong or have been made through error, the remedy is apparently to be found *1132 in the Code of Civil Procedure's very liberal rules relative to the amendment of pleadings. LSA-C.C.P. Arts. 1151-1156.
Appellee has insisted that paragraph 6 of the answer and third party petition (Tr., pg. 9) filed by the Barrases must constitute a judicial confession and cannot be revoked or amended. For this proposition, he primarily relies upon C.C. Article 2291.
As indicated above, the jurisprudence is somewhat confusing. If the article was based purely on estoppel, there would be no doubt that a detrimental reliance would be required. However, it appears as though Article 2291 is based on more than estoppel. The history of the article (see Jackson v. Gulf Ins. Co., supra) indicates that the original purpose of this article was to provide a method for getting evidence from a party litigant who was not allowed to testify. If the article is found to have a basis outside estoppel, a detrimental reliance might not have to be shown for a proper application of the article.
It seems to us as though a plaintiff is allowed to make some inconsistent allegations in his pleadings. LSA-C.C.P. Article 892.[1] It is not the parties' allegations that must be totally consistent but only the ruling of the trial judge that must be logical. However, C.C.P. Article 863 imposes a duty of good faith upon the attorney preparing the document.
Further, C.C.P. Articles 934 and 1151 seem to conflict with Civil Code Article 2291. The Code of Civil Procedure articles are the most recent and they should prevail if found applicable and in conflict with Civil Code Article 2291.
Article 934 of our Code of Civil Procedure specifically states that an amendment shall be allowed if the grounds of the exception may be cured. We note that an amendment could possibly cure the defective pleadings. Under Civil Code Article 2522, "the buyer cannot institute the redhibitory action, on account of latent defects which the seller has declared to him . . . ." It is possible that the Barrases had told Suburban of a flooding problem but that Suburban purposely concealed those facts from the purchasers. In this instance, Suburban would be liable to the Barrases. That is, absent their realtor's concealment, the Barrases would have had a defense under C.C. Article 2522. The primary concern would therefore be what the Barrases had actually told Suburban and what inquiries the purchasers (the Guidrys) had actually made about flooding. Even though the appellants admit that they do not know what correspondence took place between Suburban and the Guidrys, they might possibly bring that evidence out at trial.
We conclude that a judicial confession under C.C. Article 2291 should not estop a curative amendment under C.C.P. Article 934, absent a showing that the adversary was misled or deceived. Our Code of Civil Procedure was specifically enacted to liberally cover procedural questions relating to the amending of pleadings and should govern in this instance. We feel that Article 2291 should apply and these allegations should constitute full proof against the defendant, only if our Code of Civil Procedure does not allow a curative amendment. For reasons shown below, we hold that a curative amendment is proper, and consequently, that Civil Code Article 2291 should not apply until all allowable amendments have been made and the factual questions have been presented at trial.
(3) Realtor's duty and liability:
As stated by the Second Circuit in the recent case of Davis v. Davis, 353 So.2d 1060 (La.App. 2 Cir. 1977), writ refused, 1978:
"Absent a vendor-vendee relationship, there can be no redhibitory action, [cites omitted] Plaintiffs' remedy against the realtors is in damages for fraud under La.C.C. Art. 1847(9), or for negligent misrepresentation *1133 under La.C.C. Art. 2315. [cites omitted]"
In Leggio v. Realty Mart, Inc., 303 So.2d 920 (La.App. 1 Cir. 1974), the First Circuit stated that:
"The real estate broker renders a service by advertising and showing properties which are for sale, and by giving advice or recommendations to his client. We do not believe that the relationship thereby created brings the real estate broker within the purview of the mandate articles of the Civil Code and that his duties are limited to those which can be analogically drawn from L.R.S. 37:1454 and from the customs and practices of real estate brokers in general."
We note, however, that the second paragraph of L.R.S. 37:1447 may be utilized as a basis for recovery. That statute provides that:
"Anyone who is injured or damaged by the broker or his salesmen by any wrongful act done in furtherance of such business or by any fraud or misrepresentation by the salesmen or broker may sue for the recovery of the damages before any court of competent jurisdiction." (emphasis added)
It is clear from a reading of the above provisions that Suburban did have a duty to relay accurate information about the property, that this duty extended to both the vendor and vendee, and that the realtor will be held liable if such a duty is breached. As stated above, the realtor's concealment of a flooding defect which had been disclosed to it by the vendors would have "injured or damaged" (R.S. 37:1447) the seller who, otherwise, would have had a defense under C.C. Art. 2522.
A curative amendment could have possibly been made (alleging the realtor's failure to properly disclose a flooding vice) and this later proven at trial. A curative amendment is mandated when the grounds for an exception "may" thereby be removed. C.C.P. Art. 934. The record before us does not exclude the possibility of a curative amendment.
(4) Propriety of third party demand connexity with the principal demand.
In pertinent part, Article 1111 of our Code of Civil Procedure provides:
"The defendant . . . may bring in any person . . . who is or may be liable to him for all or part of the principal demand." (emphasis added)
Suburban contends that the third party action against it is improper because they could not be liable in redhibition (the principal demand).
We conclude that the third party action was properly allowed. The principal demand is for rescission of the sale and a return of the purchase price. Suburban "may be liable" for part of this price if they concealed the flooding vice in hopes of making the sale. The fact that the action against Suburban would not be in "redhibition" should not be determinative. Ballon v. Smith, 299 So.2d 501 (La.App. 4 Cir. 1974). In other jurisdictions, and possibly in Louisiana as well, it is well settled that the principal and third party claims need not be asserted on the basis of the same legal theory of responsibility. 49 Tul.L. Rev. 1139. Our Code of Civil Procedure only requires possible liability "for" all or part of the main demand, not "in" the main demand. Nevertheless, the main demand is for a return of the purchase price in money. Suburban may be monetarily liable to its client (the Barrases) for a partial return of this price if damage was caused by their misrepresentations.
For the foregoing reasons, we reverse the decision of the trial court and remand this case to allow third party plaintiffs, Mr. and Mrs. Barras, fifteen days from receipt of this Court's decision to amend their petition, if they can, to sufficiently state a cause of action. The trial court has the discretion to grant an extension of the said period, for good cause shown. In default of the filing of amended pleadings within the time allotted, or as extended by the trial court, the latter shall enter a judgment dismissing the third party demand of Mr. and Mrs. Barras.
Costs of this appeal are assessed against Suburban Real Estate, Inc.
*1134 Costs in the district court must await final determination of this matter.
REVERSED AND REMANDED.
NOTES
[1] Art. 892. Alternative causes of action

Except as otherwise provided in Article 3657, a petition may set forth two or more causes of action in the alternative, even though the legal or factual bases thereof may be inconsistent or mutually exclusive. In such cases all allegations shall be made subject to the obligations set forth in Article 863.