569 So.2d 1086 (1990)
Mark A. BRANNON and Rosalie Morales Lopez Brannon, Plaintiffs-Appellees,
v.
Keith Michael BOE and Debra Friedrichsen Boe, Defendants-Appellants.
No. 89-486.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
*1087 D. Warren Ashy, Lafayette, for plaintiffs-appellees.
Daniel M. Landry III, Lafayette, for defendants-appellants.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
Mark and Rosalie Brannon filed this redhibition action against Keith and Debra Boe seeking a rescission of the sale of their home because the home was susceptible to flooding. After a bench trial, judgment was rendered in favor of the Brannons. The trial court granted a rescission of the sale, return of the purchase price, certain expenses incurred as a result of the flooding, damages for inconvenience and mental anguish, and attorney's fees.
The Boes have appealed, presenting five issues for our review: (1) whether the flooding problem constitutes a redhibitory defect; (2) whether evidence of flooding which occurred after suit was filed was properly admitted; (3) whether rescission of the sale is the appropriate remedy; (4) whether defendants are entitled to credit for the plaintiffs' use of the property; and (5) whether certain expenses were properly awarded to the plaintiffs. The Brannons neither appealed nor answered the appeal. After considering the merits of the Boes' appeal, we affirm in part and reverse in part.

FACTS
On May 31, 1984, Mark and Rosalie Brannon purchased a home and lot from Keith and Debra Boe. On October 22 and 23, 1984, the property flooded during a heavy rainstorm. As a result of the damages sustained during the October flood, the Brannons filed this suit in January 1985.
The evidence adduced at trial reveals that the property in question flooded once in 1979, once in 1980, and at least three times subsequent to the 1984 flood. The Boes testified that while the yard did flood in 1979 and 1980, water never reached the house. The Brannons testified that during negotiations for the sale of the property, the Boes said only that, in the past, the property held water after a rainstorm, but the problem was resolved when a nearby coulee was cleaned out. The problem was characterized as a minor one that had been completely eliminated.
The record reflects that the subject property flooded six times between 1979 and 1988, resulting in damage to the house twice. The property's history of flooding was not disclosed to the Brannons prior to the sale. While it is true that the Brannons knew flood insurance was required for the purchase of the house, the Boes assured them that such insurance was required only because of the presence of a coulee which adjoined the property.

*1088 ISSUE 1
The Boes assert the trial court erred in finding that the subject property was susceptible to flooding, therefore constituting a redhibitory defect. In a redhibitory action, the plaintiff must prove that the thing sold contained a hidden defect which was not apparent by ordinary inspection, and which rendered the thing unfit for its intended use or so imperfect that the purchaser would not have bought it had he known of the defect. Fogal v. Boudreaux, 497 So.2d 366 (La.App. 3rd Cir.1986); Smith v. H.J. Landreneau Building Contractor, Inc., 426 So.2d 1360 (La.App. 3rd Cir.1983).
The trial judge concluded that the Brannons met their burden of proof. While it may be true, as the Boes contend, that the weather conditions causing the 1984 flood were extraordinary, the evidence reveals flooding both before and after 1984. This fact distinguishes the case before us from Braydon v. Melancon, 462 So.2d 262 (La. App. 1st Cir.1984), and Smith v. Kennedy, 392 So.2d 177 (La.App. 2d Cir.1980), both of which held that a purchaser's damages were caused by an extraordinary rainfall rather than the property's redhibitory susceptibility to flooding under normal conditions.
The Brannons were not told of the flooding defect and were unable to discover it prior to the sale. In fact, the Boes specifically implied the house would not flood when they explained that the coulee had been cleared. A similar implication was made in the Smith v. H. J. Landreneau case. The Boes testified that had they known of the property's susceptibility to flooding, they would not have proceeded with the purchase. Given the record before us, we find no manifest error in the trial court's finding of a redhibitory defect.

ISSUE 2
At trial, the district court allowed testimony concerning flooding which occurred after suit was filed. The Boes contend that such testimony prejudiced them inasmuch as it expanded the pleadings without notice by amendment. The trial court overruled the Boes' objection on this point and we affirm.
A trial court has the discretion to admit or disallow evidence subject to an objection based upon the scope of the issues and pleadings. Additionally, it is discretionary for the trial judge to determine whether evidence is encompassed by the general issues raised in the pleadings. Coutee v. American Druggist Insurance Co., 453 So.2d 314 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 477 (La.1984).
Evidence of subsequent flooding is relevant to the question of whether the subject property is susceptible to flooding. This was the primary issue raised in the pleadings. The Brannons have not sought damages resulting from any subsequent flooding. Their testimony has not expanded the pleadings but rather was offered merely as additional proof of the flooding defect. The fact that the Boes were unable to refute the evidence of subsequent flooding is of no consequence; had they chosen to take full advantage of discovery procedure, they would have anticipated the Brannons' testimony. The trial judge did not abuse his discretion in admitting such testimony.
Even assuming arguendo that the evidence complained of did improperly expand the pleadings, the outcome of this case would remain unchanged. Proof of flooding in 1979 and 1980 was properly admitted; that evidence, coupled with evidence of the 1984 flood was sufficient to prove the flooding defect.

ISSUE 3
The Boes further contend rescission of the sale is an inappropriate remedy because the Brannons occupied the house for four years by the time of trial. The Boes suggest a reduction in the purchase price would be a more appropriate remedy.
A trial judge has discretion to award either a rescission of the sale or a reduction in the purchase price in a successful redhibitory action. La.C.C. art. 2543. This is a factual determination best made by the trial court. Fogal.
*1089 The Brannons testified that the property's susceptibility to flooding rendered the house so inconvenient they would not have purchased it had they known of the flooding defect. Indeed, the October 1984 flood damaged the Brannons' appliances, floors, carpets, furniture, toys, clothes, important papers, tools, and automobile. The insulation inside the walls had to be replaced and the family was required to spend forty-five days in a rented apartment while their home was repaired. The trial judge made a factual finding that the Brannons were entitled to rescission of the sale and not a reduction in the purchase price. This factual finding will not be disturbed on appeal in the absence of manifest error.

ISSUE 4
The Boes next argue the trial court erred in failing to award them a credit for the Brannons' use of the property from 1984 until the time of trial. While it is true that La.C.C. art. 2531 provides that a seller shall receive a "credit for the value of any fruits or use which the purchaser has drawn" from the property, in this case, the Boes did not plead entitlement to a credit, nor did they present any evidence as to the value of the Brannons' use of the property. Therefore, a credit cannot be awarded in this case. Theriot v. Commercial Union Insurance Co., 478 So.2d 741 (La.App. 3rd Cir.1985).

ISSUE 5
Finally, the Boes question the propriety of the trial court's award of $1,062.00 to the Brannons representing out of pocket expenses for renting an apartment while their house was repaired after the 1984 flood. In their petition, the Brannons listed apartment rental of $1,062.00 as an expense. At trial, Mrs. Brannon testified the family spent forty-five days in a rented apartment. No oral or documentary evidence was presented, however, which established the cost of the rented apartment. The trial judge's figure apparently comes from the plaintiff's petition.
The plaintiff in a redhibition suit has the burden of proving his loss to a reasonable certainty and by a preponderance of the evidence. Smith v. H. J. Landreneau. The Brannons did not meet that burden. The trial judge was clearly wrong in granting an award for the rented apartment and we therefore reverse that award.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. That portion of the judgment which orders a rescission of the sale of certain real property, a return of the purchase price, and damages in the amount of $8,500.00 for attorney's fees and inconvenience, along with court costs and legal interest, is affirmed. That portion of the judgment awarding plaintiffs expenses in the amount of $1,062.00 is reversed. Costs of this appeal are assessed three-fourths to the defendants and one-fourth to the plaintiffs.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.