**Beverly LATSHA, wife of/and Larry D. Nevil**

v.

**Debora FRYER, wife of/and Michael G. Boyle.**

Civ. A. No. 90–1531.

United States District Court, E.D. Louisiana.

May 21, 1991.

Jack A. Ricci and Danna M. Acker, Baldwin & Haspel, New Orleans, La., for plaintiffs Beverly Latsha, et al.

Robert T. Myers, Young, Richaud, Theard & Myers, New Orleans, La., for defendants, Debora Fryer, et al.

William F. Bologna, Habans, Bologna & Carriere, New Orleans, La., for third-party defendants, Martha Ann Samuel, Inc. and Euel Lambert.

Jonathan M. Lake, New Orleans, La., for third-party defendants, David Rivas and Latter & Blum, Inc.

### MEMORANDUM OPINION

MENTZ, District Judge.

A nonjury trial was held in the above captioned case. Jurisdiction was based on 28 U.S.C. section 1332; the parties were completely diverse and the amount in con-

troversy exceeded $50,000. The plaintiffs' claim was one for redhibition, stemming from the purchase by the plaintiffs of a residence located at 208 Fairfax Place, New Orleans, Louisiana. Suit was originally filed in state court. The defendants removed the suit to federal court pursuant to 28 U.S.C. section 1441. In October 1990, they filed a third party complaint against Euel Lambert, the listing agent, and his employer, Martha Ann Samuels, Inc., and David Rivas, the selling agent, and his employer, Latter & Blum, Inc.

## I. FACTS

In 1983, the Boyles purchased the residence on Fairfax Place for $65,000. Between the time they purchased the home and the time they sold the home to the Nevils, the Boyles made roughly $12–14,000 worth of improvements to the home. On May 19, 1989, the plaintiffs purchased the residence on Fairfax Place from the Boyles for $66,682.01. The Boyles had originally listed the property at $79,000 but had had to reduce the price due to the settlement problem.

Two months after the sale, the property flooded. In November 1989, the property again flooded, causing extensive damage. The plaintiffs hired a foundation expert to inspect the property. The expert informed the plaintiffs that the property suffered from structural defects and that the defects were causing the flooding. In May 1990, after suit was filed in state court, the property flooded a third time. The Nevils had assumed the Boyles' flood insurance when they purchased the home. After the November 1989 flood, the Nevils made a claim under the insurance and were compensated for the damage. The only evidence the other two floods occurred was testimony by the plaintiffs.

It is not disputed that the structural problems with the home preexisted the sale to the plaintiffs. The house had been built on five different slabs that moved independently of each other, resulting in the differential settlement. The Boyles were aware of the problem and at various times had patched and painted over cracks that resulted from the house settling. The Boyles

indicated that they informed their real estate agent, Euel Lambert, about the problem.

The testimony at trial by the Boyles and other persons who had visited the house prior to the sale was that the house had an obvious lean from left to right that was noticeable when viewing the house. Inside the home, doors would swing open from left to right on their own. There were obvious cracks in the outer walls of the house as well as in several of the inner walls. The driveway and the sidewalk in front of the house were also cracked.

The Boyles testified that they had been affected by water in their home on only one occasion in 1983. Water entered the house through the back door after water drained from the roof onto the patio. To solve the problem, the Boyles installed a patio cover over the area to divert the flow of water away from the back door. The Boyles never had another problem with flooding despite some torrential rains in the area between 1983 and the time the house was sold in 1989.

## II. REDHIBITORY DEFECT?

The plaintiffs have premised their suit on Louisiana Civil Code article 2520, which defines redhibition as "the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." La.Civ.Code art. 2520 (West 1952). Louisiana Civil Code article 2521 states that "[a]pparent defects, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices." La.Civ.Code art. 2521 (West 1952).

The question before the Court is whether the structural defect and the flooding were redhibitory vices. Because the Court does not believe that the flooding was due to the settlement of the house, the Court will treat both problems as separate vices.

■ On its own, the settlement of the house does not amount to a redhibitory defect. The Court does not find that

cracked floors and walls make a house so inconvenient or imperfect that a buyer would not purchase it. In addition, the cracks in the external and internal walls and the lean were so apparent that under article 2521, the problem could not be considered a redhibitory defect.

■ However, the house also suffered from flooding, which Louisiana courts have held to be a redhibitory vice.[1] *Millspaw v. Knight,* 430 So.2d 1207, 1210 & n. 5 (La.Ct. App. 1st Cir.1983); *Fogal v. Boudreaux,* 497 So.2d 366, 369 (La.Ct.App. 3d Cir.1986) (citing *Davis v. Davis,* 353 So.2d 1060 (La. Ct.App. 2d Cir.1977), *writ refused,* 355 So.2d 549 (La.1978)). The plaintiffs were never informed that the property was subject to flooding. Indeed, it appears that defendants were unaware of a flooding problem. However, article 2520 does not require that the seller be aware of the defect; it creates a strict warranty that renders the seller liable for any hidden defect that existed at the time of sale. *Rey v. Cuccia,* 298 So.2d 840, 843 (La.1974).

Under Civil Code article 2530, it is the burden of the buyer to prove that the vice existed prior to the sale. La.Civ.Code art. 2530 (West 1952). The Court finds that the Nevils have not met this burden. The Boyles experienced one episode of water in the house for which they made a claim under their flood insurance. The source of the water was improper runoff, not rising waters, and was subsequently cured by the addition of a patio cover. The Boyles never experience any instances of actual flooding in their home despite heavy rainfall that caused other homes in their area to flood.

The flooding experienced by the Nevils did not occur until a few months after the sale. Civil Code article 2530 creates a presumption that a vice appearing within three day of the sale preexisted the sale. Case law has held that if the defect appears after three days, a court may infer, depend-ing on the circumstances, that the defect preexisted the sale. *See Rey,* 298 So.2d at 843; *Millspaw v. Knight,* 430 So.2d 1207, 1210 (La.Ct.App. 1st Cir.1983); *Ticheli v. Silmon,* 304 So.2d 792, 796 (La.Ct.App. 2d Cir.1974). However, the Nevils have presented no evidence upon which the Court could base an inference that the vice existed at the time of sale.

■ Likewise, the claims by the Boyles against the real estate agents must fail. The real estate agents were informed only about a settlement problem; they had no indication a flooding problem existed. The settlement problem, however, was conveyed to the Nevils. Furthermore, it was so obvious that it did not constitute a redhibitory defect. The Court finds that no negligence or fraudulent acts were committed by the third-party defendants.

## III. CONCLUSION

As a result of the above findings, the Court finds that the Nevils are not entitled to a refund or a reduction of their purchase price. The Boyles were under no obligation to inform the buyers of the obvious settlement problem; furthermore, the settlement problem would not constitute a redhibitory defect. As for the flooding experienced by the Nevils, the evidence did not establish to this Court's satisfaction that the problem existed prior to the sale.

The motions by the third-party defendants for directed verdicts will be granted.

Accordingly,

IT IS ORDERED that judgment be rendered in favor of the defendants, Debora Fryer and Michael G. Boyle, and against the plaintiffs, Beverly Latsha and Larry D. Nevil.

IT IS FURTHER ORDERED that judgment be rendered in favor of the third-party defendants, Euel Lambert and Martha Ann Samuels, and David Rivas and Latter & Blum, and against Debora Fryer and Michael G. Boyle.

---

[1]. This court follows the Fifth Circuit in following relevant appellate court decisions in the absence of a supreme court decision, unless there is a strong indication that the supreme court would rule differently. *Burrell v. New-*some, 883 F.2d 416, 421 (5th Cir.1989). The court has no indication that the Louisiana Supreme Court would rule differently on the issue of whether flooding is a redhibitory vice.

IT IS FURTHER ORDERED that each party will bear its own costs.