638 So.2d 688 (1994)
Leopold Dave CORMIER, et ux, Plaintiffs-Appellants,
v.
Erbon W. WISE, et ux, Defendants-Appellees.
No. 93-1434.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
Rehearing Denied July 26, 1994.
*689 David Frank Dwight, Lake Charles, for Leopold Dave Cormier, etc.
Robert E. Landry, Lake Charles, for Erbon W. Wise, etc.
David Lewis Levingston, Lake Charles, for Alan Thomas Realty, Inc.
Before GUIDRY, C.J., and YELVERTON and WOODARD, JJ.
WOODARD, Judge.
This is a suit in redhibition arising out of a dispute over a thirty acre tract of land located in Calcasieu Parish, Louisiana. Plaintiffs appeal from the trial court's granting of summary judgment in favor of the defendants.

FACTS
On June 21, 1991, plaintiffs, Leopold and Margaret Cormier, purchased a thirty (30) acre tract of land located in Calcasieu Parish for $60,000 from the defendants, Erbon and Willie Marie Wise. The plaintiffs, prior to purchasing the property, advised defendants that they planned to build their "dream house" on the property. Defendants, in a questionnaire submitted by the plaintiffs, assured plaintiffs that the property had never flooded and that there were no restrictions that would interfere with their intended use of the property. Subsequent to purchasing the property, the plaintiffs applied for a building permit with the Calcasieu Parish Division of Planning and Development and were advised that their property was in a 100 year flood plain and no building permit could be issued without extraordinary measure; namely, the bottom of their home must be built at least 7.2 feet above the ground.
Since this requirement would increase the cost of building their house by $75,000 to $100,000, plaintiffs sued defendants for redhibition on April 28, 1993. On September 1, 1993, defendants filed a motion for summary judgment. On October 8, 1993, the trial court ruled in favor of the defendants based on the finding that the susceptibility for flooding of "raw" undeveloped land is not a redhibitory defect. Thereafter, the plaintiffs perfected this appeal.

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Plaintiff must have his properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the party moving for summary judgment. Id. Summary procedure should be used cautiously and sparingly; any reasonable doubt should be resolved in favor of full trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3 Cir.1991), writ denied, 596 So.2d 211 (La.1992). Whether or not a particular fact is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors v. T & R Dragline *690 Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).

REDHIBITION
We disagree with the trial judge that undeveloped immovable property cannot be the subject of a redhibitory action. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it had he known of the defect. La.Civ.Code art. 2520. A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have gives rise to a redhibition claim, if this quality was the principal motive for making the purchase. La.Civ.Code art. 2529. The existence of a redhibitory defect is a question of fact. Fogal v. Boudreaux, 497 So.2d 366 (La.App. 3 Cir.1986). In the case sub judice whether there is a defect is a disputed issue of material fact. Plaintiff claims that prior to purchase, he advised the seller not only of his specific intended use of the property, but described his home as having a wrap around porch, as well as stating the specific location of the home; namely, in the center of the property; that he was told by the seller that he should have no concerns; that this would be no problem; that the location he proposed was the highest ridge in Calcasieu Parish. Even the fact of whether the seller was in good or bad faith is in dispute.
It is not the function of the court to determine the merits of the case on summary judgment. Watson v. Cook, 427 So.2d 1312 (La.App. 2 Cir.1983). Summary judgment cannot be used as a substitute for a trial. Iberia Sav. & Loan Assn. v. Warren, 569 So.2d 1118 (La.App. 3 Cir.1990), writ denied, 573 So.2d 1120 (La.1991). Thus, summary judgment in favor of the defendants was improper.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. All costs of this appeal are taxed against the defendants. All other costs are to be assessed following trial on the merits.
REVERSED AND REMANDED.