hKLEES, Chief Judge.
The Sewerage & Water Board (S & WB) appeals from a judgment of the trial court rendered in favor of plaintiff. For the reasons stated herein, we affirm.

Facts

This case arises from a single vehicle accident which occurred on May 26, 1994 in the City of New Orleans on Gordon Street near its intersection with N. Robertson Street. On the date of the accident, plaintiff, Lawrence Dupree, Sr. was operating his pick-up truck when he struck a pothole which caused him to sustain severe injuries.
As a result of these injuries, plaintiff initially filed a lawsuit naming the City of New Orleans as sole defendant. Subsequently, a second petition was filed on behalf of plaintiff by different counsel, naming as defendants both the City of New Orleans and the Sewerage & Water Board. Plaintiff thereafter dismissed counsel who filed the first petition, and the two actions were consolidated. The City of | ¡.,New Orleans was dismissed as a defendant and the matter proceeded to a bench trial against the S & WB on June 15-18, 1998.[1]
Following a bench trial, the trial court took the matter under advisement and accepted post-trial memoranda from both parties. On September 9, 1998, the trial court rendered judgment against the S & WB and in favor of plaintiff, assigning lengthy reasons for judgment.
The S & WB now suspensively appeals from this judgment, asserting several assignments of error:
1. The evidentiary rulings of the trial court were in error.
2. The trial court failed to find the City of New Orleans and plaintiff liable for this accident.
3. The trial court erred in accepting expert testimony from an economist retained by plaintiff.
4. The trial court erred in failing to find that the pothole was caused solely by wear and tear.
We will consider each of these assignments in the order presented by appellant.

Evidentiary Rulings

Appellant first contends that the trial court erred in permitting evidence at trial which enlarged the scope of the pleadings filed by plaintiff. In his petition against *79 the S & WB, plaintiff alleged that the S & WB was liable for the following:
A. Allowing a dangerous condition to exist, thereby creating a dangerous trap for passersby, namely petitioner herein;
|aB. Failure to inspect and take positive action to correct the dangerous situation;
C. Failure to correct and repair the dangerous situation or condition after becoming aware it existed;
D. Any and all other acts of negligence which may be proven at the time of trial.
In its brief, the S & WB contends that plaintiff failed to plead the existence of any duty imposed on the Board by statute, jurisprudence, or acceptance of responsibility due to placement of warning devices for a thing not within the Board’s custody. Appellant contends that the S & WB had no liability for the allegations of plaintiff because the pothole that caused the accident was in a street bwned by the City and therefore was the responsibility of the City of New Orleans. Appellant thus contends that the trial court erred in permitting testimony concerning the S & WB’s alleged failure to place and maintain adequate warning devices when plaintiffs petition contains no allegations concerning the assumption of liability for a thing not within the Board’s custody.
The record indicates that at the start of trial, counsel for the S & WB objected to testimony concerning the duty of the S & WB to place and maintain barricades at a site owned by the City of New Orleans. Counsel also filed an Exception of No Cause and/or Right of Action on the basis that the City of New Orleans, and not the S & WB, was the owner of the street where this pothole was located. The trial court deferred ruling on defendant’s objection and exceptions until after the presentation of testimony.
|4“A trial court has the discretion to admit or disallow evidence subject to an objection based upon the scope of the issues and pleadings. Additionally, it is discretionary for the trial judge to determine whether evidence is encompassed by the general issues raised in the pleadings.” Brewhouse, Ltd. v. New Orleans Public Service Inc., 614 So.2d 118, 124 (La.App. 4 Cir.1993), quoting Brannon v. Boe, 569 So.2d 1086, 1088 (La.App. 3 Cir.1990).
We have carefully reviewed the plaintiffs petition in this case and find that the facts pleaded therein were sufficient to encompass theories of liability against the Board. Plaintiff alleged that there was a “dangerous condition” in the roadway, and that the Board created a “dangerous trap” for passersby. These allegations should have alerted defendant to the potential for strict liability and the application of the concepts of garde and custody. In the present case, the trial court’s admission of the testimony concerning the duty to provide and maintain barricades was not an abuse of discretion. We fail to find that such testimony enlarged upon plaintiffs pleadings. This assignment of error lacks merit.
Appellant also contends that the trial court erred in falling to grant its Exception of No Cause and/or Right of Action as the evidence indicated that the City has ownership and control of this location and was the proper party to take precautionary measures to prevent an accident.
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of a petition and is triable solely on the face of the petition and any annexed documents. Kuebler v. Martin, 578 So.2d 113, 114 (La.1991). Plaintiff alleged in his petition that the S & WB allowed “a dangerous condition to lRexist, thereby creating a dangerous trap for passersby.” As stated previously herein, we find these facts sufficient to assert a cause of action against defendant based on the strict liability provisions contained in La. C.C. art. 2317. Under these circumstances, we find no error of the trial court *80 in failing to grant defendant’s Exception of No Cause and/or Right of Action.
Within its assignment of error concerning evidentiary rulings of the trial court, the appellant cites to a laundry list of objections made at trial on admissions of testimony and evidence made by the trial court. Although appellant does not cite in brief its basis for these objections, it refers the court to the trial transcript where these objections were made at trial.
“All specifications or assignments of error must be briefed. The court may consider as abandoned any assignment of error which has not been briefed.” Uniform Rules - Courts of Appeal, Rule 2-12.4. We fail to find that the list of objections made at trial to the admission of photographs, documents and testimony constitutes a briefing of appellant’s arguments raised on appeal. Nevertheless, we have reviewed the entire transcript and fail to find that the trial court abused its discretion in allowing the introduction of photographs, documents or expert testimony. This assignment of error has no merit.

Liability

Appellant next contends that the trial court “erred in finding that any party other than the City and/or plaintiff was responsible for [plaintiffs] accident and injuries.” However, we have thoroughly reviewed the entire record in this case, including the trial transcript and the exhibits introduced at trial. We find abundant and overwhelming evidence supporting the | (¡trial court’s finding that the S & WB was 100% liable for plaintiffs accident and injuries.
Testimony at trial from the residents of the neighborhood where the accident occurred established that the hole where this accident occurred was large, approximating five feet wide and over a foot deep. Further, the investigating police officer testified as to the size and appearance of the pothole, corroborating the testimony of the neighbors. In fact, the S & WB employee who tested the pipes two days before plaintiffs accident testified that the pothole was large enough that a four-foot barricade could be placed completely inside of it.
The neighbors further testified that the hole had been present for at least two months. One of the neighbors testified she called the S & WB to report water coming out of the hole, and the S & WB records introduced at trial corroborated this testimony. In fact, evidence at trial indicates that S & WB employees had been at the accident site to either inspect, test or replace barricades on the four days preceding plaintiffs accident.
Although appellant contends that the street was owned by the City and that the City had performed repairs at this location in the past, this evidence is insufficient to impose liability on the City for this particular accident. We agree with and adopt the well-supported reasons of the trial court, which state as follows:
It is a well established principle of law that the Sewerage and Water Board can only be held liable if it had actual or constructive notice of the defective street condition which is the subject of this litigation. The work orders and service request produced by the defendant indicates that the Sewerage and Water Board did know of this problem as early as May 22,1994 and had inspectors |7and/or foreman at the site on May 22, 23, 24, and 25, 1994. Clearly, then, the Sewerage and Water Board had actual notice of the defective condition.
The Sewerage and Water Board has zealously asserted that it is absolved from any liability in this matter because it was eventually determined that the hole in question belonged to the City of New Orleans. Therefore, the Sewerage and Water Board reasons, any damages rendered in this accident should be assessed against the City and not against them. It is the standard policy of the Sewerage and Water Board to assume barricading responsibility for any pot hole condition that presents safety is *81 sues to the public. Moreover, this Court finds that when the Sewerage and Water Board undertook the task of barricading the pot hole in question, it did so with the duty to protect the public from harm.
The Court finds that the Sewerage and Water Board breached its duty to the plaintiff by failing to safely barricade the cave-in. Mr. Joseph Becker, a chief engineer with the Sewerage and Water Board, testified that it is the policy of the Sewerage and Water Board to safely barricade street defects upon discovery until the board repairs the defect or the proper entity arrives and [repairs] the problem.
In the instant case, the Sewerage and Water Board documents indicate that one and [sic] barricade was employed at the cave-in, although none of the witnesses called by the plaintiff saw a barricade on the cave-in prior to the accident. This court finds that whether no barricades were employed, or only one as asserted by the defendants, the Sewerage and Water Board breached its duty to safely barricade the hole. Again, the Court relies on the testimony of Mr. Joseph Becker who testified that if the hole was as big as described by the independent witnesses called by the plaintiff, or as big as described by the defendant’s witness, Mr. E.J. Cazelot, multiple barrels and/or barricades were required as a matter of good safety practice. In fact, the Sewerage and Water Board had notice that one barricade would not be sufficient at this site when Ron Ohlman was sent to the location on May 25, 1994 in order to repair or replace the barricade as he indicated on his work order. Accordingly, the Sewerage and Water Board is found to be 100% liable for the plaintiffs accident and subsequent injuries.
IsAfter a careful review of the record, we conclude, as did the trial judge, that the evidence presented supports a finding that the actions and inactions of the Sewerage and Water Board and its employees caused the accident and resultant injuries of plaintiff herein. The S & WB was notified of the pothole and sent employees to the site to test for water leaks. In this process, the hole was filled with water and dye, and the water did not drain from the hole. This process further contributed to the dangerous condition of the hole as it concealed the depth and size of the hole. Although the fact that the hole did not drain may indicate that the S & WB did not have the obligation to repair the hole, they nonetheless had the duty to place adequate warnings of the condition, which they partially created, to protect the public from harm. The trial court’s factual finding that the barricade placed at the site was insufficient is supported by the testimony of the S & WB employees and is not manifestly erroneous.
There is no evidence in the record of fault on the part of plaintiff; in fact, plaintiff testified that the water in the street looked like a puddle, and he had no warning of the existence of the large pothole in the street prior to the accident. Plaintiff testified that there was no barricade in the street at the time of his accident, and this testimony was corroborated by testimony of neighborhood residents. Further, the record does not support the allegation that plaintiffs health contributed to this accident; in fact, appellant introduced no evidence whatsoever to support this claim.
Moreover, we find no evidence in the record that supports a finding of liability on the part of the City of New Orleans. Although the City had repaired potholes in this location in the past, the S & WB had received complaints that this particular pothole contained a water leak. The fact that the S & WB tested the hole |sand found no evidence of a water leak is not significant here. The City was not notified prior to plaintiffs accident of the S & WB’s conclusion that there was no involvement of a sewerage or water line which created this condition. Based on the facts of this case, the S & WB had custody and *82 control of this hole at the time of plaintiffs accident, and we find no manifest error in the trial court’s findings as to liability.

Expert Testimony

Appellant next argues that the trial court erred in accepting the testimony and report of Dr. Robert Voogt, who was accepted by the trial court as an expert in rehabilitation counseling and life care planning. Appellant contends that Dr. Voogt’s calculations were based on information supplied by plaintiffs counsel and were not adequate representations of plaintiffs actual condition. However, counsel for the S & WB was given the opportunity to cross-examine Dr. Voogt on his calculations. During his testimony, Dr. Voogt stated that he based his recommendations on plaintiffs medical records. We find no evidence in the record that Dr. Voogt’s evaluation was based on information supplied by plaintiffs counsel which was not representative of plaintiffs condition. This assignment lacks merit.

Cause of the Pothole

Finally, appellant contends that the trial court erred in failing to find that the pothole in this case was caused by anything but wear and tear, apparently in an attempt to further prove liability of the City. In support of this argument, counsel for the S & WB attempted to introduce at trial work orders of the City of New Orleans indicating that potholes had been repaired at this location from several months to several years prior to this accident. Plaintiffs counsel objected to this | inevidence on the basis of relevance, and the trial court sustained the objection. The evidence was then preferred by the S & WB.
We agree with the trial court in its finding that the fact that repairs were previously made on this street is not relevant to the cause of this pothole. Further, the trial court made a factual finding that regardless of the cause of the pothole itself, plaintiffs accident was caused by the S & WB’s failure to properly barricade the pothole after the water testing was complete. We find no manifest error in this determination, and we therefore find no merit in appellant’s assignment of error.

Conclusion

Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Appellant is to bear all costs of this appeal.

AFFIRMED.

. Although both parties agree that the City of New Orleans was dismissed prior to trial on the City’s Motion for Summary Judgment, the record does not contain either the City's motion or a judgment of dismissal.