BONIN, J.,
concurs and assigns reasons.
Itl respectfully concur in the reversal and l’emand.
The petition[1] describes in detail a course of conduct among the individual plaintiffs, the individual Robert defendants, a limited liability company of which they all are the members, which is Market-Fare, MarketFare’s numerous wholly-owned subsidiary limited liability companies, each of which owns a separate grocery store location and operation, and a couple of limited liability companies of which the individual Robert defendants are the sole members and which companies provide managerial and administrative services to MarketFare and its subsidiaries. *401 Essentially, since 1998 at least, the individual plaintiffs supplied the cash funds for the acquisition and operation of grocery stores through the New Orleans area which Marc Robert and Darlene Robert operated through the business organizations. The arrangement was apparently successful and profitable, or at least mutually beneficial, until the storm in 2005.
Because of the storm many of the store locations were destroyed and MarketFare prosecuted lawsuits for the collection of insurance proceeds. While the parties were in this lawsuit-mode, Marc began to scout out other opportunities Rfor grocery stores in New Orleans as well as in suburban areas. One of those possible opportunities was the location of South Claiborne and South Carrollton Avenues in New Orleans.
According to the petition, around August 2006, Marc developed some site plans for that location which were shared with his usual MarketFare investors, the plaintiffs. Unbeknownst to them at the time, Marc and Darlene during the following month, on September 18, 2006, organized a new limited liability company, Claiborne Fresh Market, LLC, and became its sole members. Claiborne Fresh Market was not, then, a wholly-owned subsidiary of Mar-ketFare and, of course, the individual plaintiffs had no obvious interest in this new organization.
The trial court considered the original, unamended petition to be a judicial confession that the trigger date for the defendants’ tortious conduct was September 13, 2006. I agree with the majority’s implicit view that it was error to conclude that the allegations of that original petition prior to amendment constituted a judicial confession on the part of the plaintiffs. See La. Civil Code art. 1853; see also Guidry v. Barras, 368 So.2d 1129, 1132 (La.App. 3d Cir.1979) (“We conclude that a judicial confession under Article [1853[2]] should not stop a curative amendment under C.C.P. Article 934, absent a showing that the adversary was misled or deceived.”)
The following year, the petition states, Marc and Darlene became aware of advantageous government programs, such as GoZone bonds, which would allow their acquisition or development of grocery stores without the financial investments of the plaintiffs. Yet, all the while, Marc and Darlene both concealed the availability of these programs, reported on the progress of the insurance lawsuits and the need to re-invest the proceeds to avoid burdensome tax [(¡consequences, and implied that new acquisitions would be done through MarketFare or a wholly-owned subsidiary of MarketFare, as in the past. This course of conduct continued through at least June 24, 2008.
In July or August 2008, Claiborne Fresh Market opened a grocery store at the South Claiborne location. Financing was accomplished through GoZone bonds, and Marc and Darlene’s cash contribution of $750,000. MarketFare, its wholly-owned subsidiaries, and the individual plaintiffs were no part of the ownership of this grocery store. In my view, this is the date which the petition establishes as the “the date of the alleged act or omission” for the triggering purposes of La. R.S. 12:1502.
“On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. *402 931. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Spott v. Otis Elevator Co., 601 So.2d 1855, 1361 (La.1992). If, however, the action is prescribed on its face, the plaintiff bears the burden of showing that the action has not prescribed. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206.
The lawsuit was filed in a court of competent jurisdiction and venue on April 23, 2010. The individual plaintiffs’ sole claim,[3] as far as I can determine, is one for the defendants’ (excluding MarketFare) intentional breach of a duty of loyalty. The liberative prescriptive period for that claim is two years “from the date of the alleged act or omission, or within two years from the date the alleged act or omission is discovered or should have been discovered”. La. R.S. 12:1502 D. Therefore, on the face of the petition, the suit is not prescribed. See La. C.C.P. art. |4931. See also Denoux v. Vessel Management Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84.
Nothing, however, in the remand this date would prevent the defendants from proving with evidence that their act or omission which constituted an intentional breach of their duty of loyalty either occurred and/or was discovered before April 23, 2008. But, in the absence of such proof, the

. I subsume the original petition and its three pre-hearing amendments under the term "petition.”

. The substance of Article 1853 was previously contained in former Article 2291, which was referenced in the original quote, and Article 1893 does not change the law from former Article 2291. See Revision Comments (a)— 1984.

. The individual plaintiffs also assert a similar claim regarding another grocery store location on Harrison Avenue in the Lakeview neighborhood of New Orleans. But there is no dispute regarding the timeliness of the lawsuit with respect to acquisition and development of that store.