GOTHARD, Judge.
This is a redhibition case. Because of the procedural problems it contains, we do not consider the merits, but remand to the trial court for further proceedings.
The plaintiffs, J. Elliot Prieur and his wife Karen, filed this lawsuit against Henry Klein and others seeking a reduction in the purchase price of a house purchased for $525,000. (The complained of redhibi-tory defect was flooding of the bottom floor of the house after heavy rains.) The defendant, Henry Klein, filed a reconven-tional demand for recission of the sale and credit for value of the plaintiffs’ use of the house in the amount of $7500 per month from act of sale until repurchase. Following a bench trial in the 24th Judicial District Court, judgment was rendered on December 19, 1985 in favor of Mr. and Mrs. Prieur and against Mr. Klein for the purchase price of $525,000 plus expenses, and attorneys’ fees; and in favor of Mr. Klein and against Mr. and Mrs. Prieur for credit for value of the use of the house in the amount of $2500 per month from act of sale to repurchase. After urging a rehearing at the trial court level, the defendant took this appeal urging this court to amend the trial court judgment to increase the amount of his credit, and to reverse the plaintiffs’ award of attorneys’ fees.
We note at the outset that the judgment of March 26, 1986 on the defendant’s motion for new trial is not in final form for the lack of a decree, as is required by LSA-C.C.P. art. 1841. Article 1841 requires that a final judgment determine the rights of the parties to the suit, granting or denying the remedy sought.[1] Until the new trial motion has been formalized with a decree, the judgment appealed from is not final, making this appeal premature. LSA-C.C.P. art. 2087.[2] We are, therefore, placed in a procedural posture where we have no jurisdiction with which to inquire into the merits of appellant’s claims.
Accordingly, we dismiss, without prejudice, on the ground of prematurity the appeal of Henry Klein, and we remand the matter to the trial court for consideration of such proceedings as may be appropri *865 ate.[3] Costs of these proceedings are to be paid by appellant.

APPEAL DISMISSED; REMANDED.

. Art. 1841. Judgments, interlocutory and final A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.

. Art. 2087. Delay for taking devolutive appeal
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1)The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of the Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.

. Judge Frank Zacearía was the trial judge in this case. We note his retirement December 10, 1985 prior to rendition of judgment of December 19, 1985 and "Judgment” on motions for new trial of March 26, 1986. We have not been furnished with copies of any Louisiana Supreme Court order authorizing Judge Zacearía to render said judgment. See, Zion v. Stockfieth, 501 So.2d 305 (La.App.Cir. 5 1987).