975 So.2d 58 (2007)
Melissa F. GUILLORY
v.
Jimmy Lou Guidry HEBERT, et al.
No. 07-CA-614.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*59 E. Jeffrey Perilloux, Attorney at Law, LaPlace, LA, for Plaintiff/Appellee, Melissa F. Guillory.
Michael K. Heltz, Attorney at Law, Gramercy, LA, for Defendants/Appellants, Jimmy Lou, Guidry Hebert, Chad M. Milioto, Heather Milioto Gilberti, and Ryan F. Milioto.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
This is a redhibition suit over sale of a house. The defendants, the sellers, appeal a judgment that found the plaintiff entitled to a twenty-five percent reduction in the purchase price. The plaintiff, the buyer, answered the appeal, raising the trial court's failure to award damages and attorney's fees. We dismiss the appeal as premature due to the district court's failure to rule on a motion for new trial.
On February 24, 2003, Melissa F. Guillory filed a petition against Jimmy Lou Guidry Hebert, Chad M. Milioto, Heather Milioto Gilberti, and Ryan J. Milioto. According to the petition and its attachments, the defendants sold Guillory the property at 161 Belle Grove Drive, LaPlace, St. John the Baptist Parish, for the price of $168,500.00 on August 9, 2002. Prior to the sale, defendant Hebert completed a Property Disclosure (Addendum) form, which purported to disclose all conditions that existed in/on the property. The plaintiff asserted she relied heavily on the disclosure form in deciding to purchase the property.
The plaintiff alleged that Hebert "specifically failed to disclose the property's propensity for flooding and misled plaintiff by significantly downplaying flood problems and leading plaintiff to believe that there was only one (1) isolated flood issue in May, 1995." The plaintiff asserted that on September 25, 2002 (less than two months after she purchased the property), the residence was flooded by rain and tidal surge associated with Tropical Storm Isidore, which caused severe damage to the property. One week later, on October 2, 2002, the property around the home flooded due to Hurricane Lili, although water did not enter the home.
The plaintiff alleged the defendants provided inaccurate, false and misleading information by failing to disclose the prior history of flooding, and by failing to advise the plaintiff she would need to sandbag the home to prevent water from entering the home. The plaintiff stated she would not have purchased the property had she known of the flood risk. She sought rescission of the sale, return of the purchase price, and damages for aggravation, mental anguish, and inconvenience. She also sought expenses, as well as attorney's fees, court costs, and interest.
*60 The case was tried on July 26, 2005, and taken under advisement. On January 20, 2006, the court rendered judgment in favor of the defendants, dismissing the plaintiff's claims on the basis that the incidents of actual flooding to the property were the result of "extraordinary flooding"; that extraordinary flooding is not a redhibitory defect; and that the plaintiff, as a reasonably prudent buyer, knew or should have known of the probability of flooding.
The plaintiff filed a Motion for New Trial, which the court granted. On December 4, 2006, the court rendered a new judgment in favor of the plaintiff and against the defendants, finding a redhibitory defect in the sale of the property from defendants to plaintiff, in that defendants failed to disclose other incidents of flooding on the property beyond the tropical storm/hurricane events. However, the court awarded a reduction of the purchase price rather than rescission of the sale.
On December 14, 2006 the defendants filed a motion for new trial, on the basis that the judgment was clearly contrary to the law and the evidence. On January 12, 2007, there was a hearing on the motion for new trial, but we find no ruling on the motion in the record. Rather, instead of arguing the new trial motion, defense counsel advised the court he was filing a motion for suspensive appeal on behalf of his clients.
La.C.C.P. art. 2123(C) states, "An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions."
The trial court's denial of a motion for new trial during the pendency of an appeal cures the defect of prematurity. Sullivan v. Franicevich, XXXX-XXXX, p. 2 (La.App. 4 Cir. 3/9/05), 899 So.2d 602, writ denied, XXXX-XXXX (La.5/20/05), 902 So.2d 1051, and XXXX-XXXX (La.5/20/05), 902 So.2d 1055.
Here, however, the record does not indicate, either by transcript, by minute entry, or by written judgment, that the defendant's motion for new trial has ever been disposed of. Hence, this appeal is premature. See Prieur v. Lambert, 508 So.2d 863, 864 (La.App. 5 Cir.1987).
Accordingly, the appeal is dismissed. The case is remanded for further proceedings as appropriate.
APPEAL DISMISSED; CASE REMANDED.