SUSAN M. CHEHARDY, Judge.
 

 |aOn appeal in this redhibition action, defendants seek review of the trial judge finding of a redhibitory defect and award of 25% reduction of the purchase price. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.
 

 Melissa Guillory filed an action in redhi-bition seeking rescission of the sale of a home that she had purchased from Jimmy Lou Guidry Hebert and her children. In her action, Ms. Guillory alleged that the home had a redhibitory defect because it was susceptible to flooding. After a bench trial, judgment was rendered in favor of defendants. Ms. Guillory filed a motion for new trial, which the trial judge granted for re-argument only on June 27, 2006. On December 4, 2006, the trial judge found, in contrast to her first ruling, that the evidence did reflect “a redhibitory defect” in the property, which did not, however, render it totally useless for its intended purpose, and awarded a reduction in the purchase price of 25%.
 

 On December 14, 2006, defendants filed a motion for new trial on the basis that the verdict was contrary to the law and evidence because the record did not |3contain evidence to support the quantum of reduction. On January 10, 2007, defendants filed their first appeal.
 

 On January 12, 2007, defendants’ counsel “submitted” his motion for new trial without argument. That same day, defendants’ Motion and Order for Appeal was granted. On December 27, 2007, this Court dismissed that appeal as premature and remanded for a ruling on defendants’ motion for new trial.
 
 Guillory v. Hebert,
 
 07-614 (La.App. 5 Cir. 12/27/07), 975 So.2d 58.
 

 On remand, on June 18, 2008, the trial judge denied defendants’ new trial based on “defendant’s [sic] admission that his Motion for New Trial was untimely.” On July 18, 2008, defendants filed an appeal, which was granted. Ms. Guillory answered.
 

 On appeal, defendants allege that the trial judge erred in finding a redhibitory defect; erred in awarding a reduced purchase price; erred in awarding a 25% reduction because there is no evidence to support that amount; and erred in casting Mrs. Hebert’s children, who are co-owners of the home, in judgment. Defendants seek reversal of the trial court judgment or, alternatively, if this Court affirms the redhibition finding, remand for “further proceedings to determine the amount of any reduction to be awarded to plaintiff pursuant to the legal standard required by Louisiana law.” Guillory answered the appeal praying for “bad faith” damages and attorneys’ fees.
 
 [1]
 

 First, we will first address defendants’ first and last assignments of error. In their first assignment, defendants argue that the trial judge erred in finding that
 
 *1100
 
 there was a redhibitory defect in this property. We disagree.
 

 |,,In a redhibitory action, the plaintiff must prove that the thing sold contained a hidden defect that was not apparent upon ordinary inspection, which rendered the thing unfit for its intended use or so imperfect that the purchaser would not have bought it had he known of the defect.
 
 Brannon v. Boe,
 
 569 So.2d 1086, 1087-1089 (La.App. 3 Cir.1990). The evidence adduced at trial reveals that the property around the house flooded numerous times during the 23 years that the defendants, who built the house, lived in the home.
 

 Mrs. Hebert admitted at trial that, while her family had lived in the home, water intruded into the entire house at least once during a substantial rain event in 1995. Further, ten years before that incident, during Hurricane Juan in 1985, Mrs. Hebert and her family placed two sandbag levees around the house then, using three separate pumps for more than one day, pumped out water that breached the first levee to prevent water from breaching the second levee and entering the house. She admitted that her house would have flooded during the hurricane if they had not worked very hard to prevent water intrusion.
 

 Mrs. Hebert also stated that she remembered that sandbags were used on at least five or six more occasions to prevent water from “seeping” under her front door during other rain events. Mrs. Hebert further admitted that water from rain or storms entered the garage that is attached to the home, at least four or five times during the time that she lived in the house.
 

 Further, Mrs. Hebert admitted that she down-played the magnitude of the May 1995 flood event in her property disclosure to potential purchasers. In her disclosure, she stated that she changed the flooring in two rooms because water seeped into her kitchen and dining room in 1995. However, evidence at trial reflects that her insurance adjuster found that water had intruded into the entire house and damaged the utility room, hall, three bathrooms, four bedrooms, living |sroom, foyer, den, hall, closets, kitchen and dining room. Her adjuster estimated the damage totaled $18,723.47. Mrs. Hebert admitted that she received payment in that amount from her insurer for water damage to her home.
 

 Finally, she admitted that she did not inform Ms. Guillory of any of the other high water events, including Hurricane Juan, or of their routine practice of sandbagging to prevent water intrusion. Mrs. Hebert stated that she thought she was only required to disclose flood events that she had reported to her insurance company.
 

 At trial, Melissa Guillory also testified that, six weeks after she purchased the house in 2002, Tropical Storm Isidore struck South Louisiana, bringing substantial rain and storm surge. Although Guil-lory with help from others, including the Parish Councilman, sandbagged her property, her house flooded. Indeed, the 2002 flood damaged Ms. Guillory’s appliances, floors, carpets, furniture, clothes, and other living essentials. Because of the level of water that entered the house, the sheet-rock walls had to be removed up to four feet and replaced. The floors had to be removed down to bare concrete. As a result of the damage, her insurance company paid over $51,000.00 for repairs and materials. To make matters worse, since her savings went to begin renovation, her family spent months living in the home while it was repaired around them.
 

 Ms. Guillory stated that, at the time of trial, she had sandbagged to prevent her property from flooding six times in three
 
 *1101
 
 years. Further, during her three-year tenancy of the house, the garage routinely took on water during rain events, which caused it to be unfit for her intended use as an entertainment room for her family.
 

 Further, Ms. Guillory testified that, based on her pre-purchase review of the property disclosure, she believed that the water intrusion in 1995 was an isolated event associated with a very significant rainstorm. Ms. Guillory admitted that she liiknew that flood insurance was required for her house because of its flood elevation. She further stated that as a precaution, she would have purchased flood insurance, even if it was not required. Finally, Ms. Guillory testified that the property’s susceptibility to flooding rendered the house so inconvenient that she would not have purchased it if she had known of the flooding defect.
 

 Here, the trial judge found that the property’s propensity to flood, which was not apparent by ordinary inspection and did exist at the time of sale, rendered the use of the house inconvenient and imperfect but did not render the house useless. The trial court’s ultimate determination as to whether a defect is egregious enough to warrant rescission of the sale or merely inconvenient enough to warrant a reduction in the price is factual in nature.
 
 Brannon v. Boe, supra.
 
 As such, the trial court’s findings are entitled to great weight on appeal and should not be disturbed, absent a finding of manifest error or clear wrongness.
 
 Brannon, supra; Smith v. General Motors Acceptance Co.,
 
 542 So.2d 831 (La.App. 3d Cir.1989). Accordingly, we see no error in the trial court’s finding that the propensity to flood, which was not apparent by ordinary inspection and did exist at the time of sale, rendered the use of the house inconvenient and imperfect.
 
 See,
 
 La. C.C. art. 2520;
 
 Musemeche v. G & J Mobile Home Serv. & Supplies,
 
 425 So.2d 791 (La.App. 3d Cir.1982). We will not disturb the trial court’s factual finding that the defect was redhibitory but rendered the use of the house merely inconvenient.
 

 In their fourth assignment of error, defendants contend that the trial judge erred in holding Mrs. Hebert’s children in judgment. Here, the children were co-owners of this property with their mother after their father’s death and, as such, co-sellers, also. We find no error in and, thus, will not disturb the judgment against the co-selling children.
 

 17However, upon review, we find merit in defendants’ second and third assignments of error: the trial judge erred in awarding a reduced purchase price and the trial judge erred in awarding a 25% reduction because there is no evidence to support that amount. In a successful action for
 
 quanti minoris,
 
 or reduction of the purchase price, the amount to be awarded is the difference, at the time of the sale, between the value of the thing sold in its defective condition and its value as warranted.
 
 Iberia Cypress Co., Limited, v. Von Schoeler,
 
 121 La. 72, 46 So. 105.
 

 With respect to the sale of real property, unless there has been an immediate resale, the difference is not readily and easily ascertainable. Consequently, the Louisiana Supreme Court has held that
 

 in such a case, the allowable diminution is ‘the amount necessary to convert the unsound structure into a sound one,’
 
 (McEachern v. Plauche Lumber & Construction Co., Inc.,
 
 220 La. 696, 57 So.2d 405, 408) or, ‘the cost of repairs necessary to make the thing whole’
 
 (Wilfamco, Inc. v. Interstate Electric Co.,
 
 221 La. 142, 58 So.2d 833, 834).
 

 Lemonier v. Coco,
 
 237 La. 760, 765, 112 So.2d 436, 438 (La.1959).
 

 
 *1102
 
 In an action in
 
 quanti minoris,
 
 the purchaser entitled to a reduction in the price must prove with reasonable certainty the amount of the diminution in value; and when such amount has not been satisfactorily established, courts, in the interest of justice and in order that a proper may be rendered between the parties, have remanded the cause to the district court for the introduction of additional evidence.
 
 See, Lemonier v. Coco,
 
 237 La. 760, 766, 112 So.2d 436, 439 (La.1959) (citing
 
 Bayou Rapides Lumber Co. v. Davies,
 
 221 La. 1099, 61 So.2d 885).
 

 Furthermore, as a reviewing court, our duty is to determine whether the trial court committed an error of law or made a factual finding that was manifestly erroneous or clearly wrong.
 
 Gibson v. State,
 
 99-1730 (La.4/11/00), 758 So.2d 782, 788,
 
 cert denied,
 
 531 U.S. 1052, 121 S.Ct. 656, 148 L.Ed.2d 559. We must review the record in its entirety to make this determination.
 
 Stobart v. State, DOTD,
 
 617 So.2d 880, 882 (La.1993);
 
 Ponthier v. Manalla,
 
 06-632 (La.App. 5 Cir. 1/30/07), 951 So.2d 1242, 1253.
 

 If we find that the trial court’s decision is based on an erroneous interpretation or application of the law, that incorrect decision is not entitled to deference.
 
 Kem Search, Inc. v. Sheffield,
 
 434 So.2d 1067, 1071-1072 (La.1983);
 
 Ponthier, supra.
 
 On legal issues, the appellate court gives no special weight to the finding of the trial court, but exercises its constitutional duty to review questions of law and renders judgment based on the record.
 
 Clements v. Folse ex rel. Succession of Clements,
 
 01-1970 (La.App. 1 Cir. 8/14/02), 830 So.2d 307, 312,
 
 writ denied,
 
 02-2328 (La.11/15/02), 829 So.2d 437;
 
 Ponthier, supra.
 

 We find that the record does not reflect that the amount of diminution in value was satisfactorily established by Ms. Guillory. Accordingly, the trial court’s decision to award a price reduction of 25% is not supported. Accordingly, we vacate the portion of the December 4, 2006 judgment that awarded the quantum of reduction.
 

 On appeal, defendants seek, in the alternative to reversal, remand for further proceedings on the quantum issue. Here, we must call attention to the fact that, according to the original record, the defendants filed a Motion for New Trial of the December 4, 2006 judgment on the basis that the verdict was contrary to the evidence on the issue of price reduction. That motion was improperly denied as untimely.
 

 Importantly, the final judgment at issue was rendered on December 4, 2006 after being taken under advisement. The record does not reflect that Notice of Judgment was mailed to the parties. Under La. C.C.P. art. 1913(A), notice of | ¡judgment is required in all cases. Furthermore, the clerk of court is required to file a certificate in the record noting such mailing. La. C.C.P. art. 1913(D). Under La. C.C.P. art 1974, the delay for filing a motion for new trial does not begin to run until the day after the clerk has mailed (or the sheriff has served) the notice of judgment. In this case, the record does not disclose that notice was mailed, and, therefore, the delay for filing the new trial motion did not begin to run. As such, it is impossible that defendants’ motion for new trial was untimely. When the trial judge denied defendants’ motion as untimely, it was an error of law.
 

 If we find that the trial court’s decision is based on an erroneous interpretation or application of the law, that incorrect decision is not entitled to deference. Further, we have already found that the record does not reflect that the amount of diminution in value was satisfactorily established
 
 *1103
 
 by Ms. Guillory. Moreover, this Court has the authority to render any judgment that is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164;
 
 Pecoraro v. The Napoleon Room, Inc.,
 
 95-511 (La. App. 5 Cir. 12/13/95), 666 So.2d 1151, 1152. Finding both errors of law and fact, we reverse the trial court’s denial of the motion for new trial on the issue of quantum.
 

 For the reasons assigned, the judgment denying defendants’ motion for new trial is reversed and set aside and the cause is remanded to the district court for further proceedings on the issue of
 
 quanti minoris
 
 according to law and consistent with the views herein expressed. Each party is to pay their costs of this appeal. The assessment of other costs shall await the final determination of the litigation.
 

 AFFIRMED IN PART: REVERSED IN PART; REMANDED.
 

 McMANUS J., concurs in part and dissents in part with reasons.
 

 | |I concur with that portion of the majority opinion that finds that the trial court did not err in finding that there was a redhibitory defect in the property. However, I must respectfully dissent from that portion of the appeal that finds that the trial court erred in denying defendant’s motion for new trial. Defendants neither raised nor briefed the issue in this court. Accordingly, the correctness of that decision is not properly before us. Uniform Rules of Court Courts of Appeal, Rule 2-12.4.
 

 [1]
 

 . Although Ms. Guillory's brief extensively cited jurisprudence on rescission, it lacked argument in support of rescission. In fact, instead of arguing in support of alternative remedies of reduction and rescission, Ms. Guillory merely stated that the trial judge did not abuse her discretion in granting reduction. We are limited on appeal to review of those arguments that are briefed. U.R.C.A. 2-12.4.