ROBERT M. MURPHY, Judge.
| gThis matter concerns the issue of whether the defendant/appellee, “A.Z.,”[1] still owes child support arrearages associated with his obligation that accrued prior to his parental rights being terminated. The State of Louisiana, through the Department of Children and Family Services (“the State”), appeals the trial court’s judgment in a child support contempt proceeding, in which the court revoked defendant/appellee’s formal in-hospital acknowl-edgement of paternity on information that a DNA testing report, in a separate Office of Community Services (“OCS”) matter, excluded him as the biological father. No petition affecting paternity had been filed in this proceeding when the trial court below revoked the acknowledgement and voided the arrearages the State had sought pursuant to a judgment of the same court. The State devolutively appealed. For the following reasons, we reverse.

\ .FACTS AND PROCEDURAL BACKGROUND

On April 27, 2001, “K.Z.” was born. On May 4, 2001 appellee A.Z. executed an in-hospital acknowledgement of paternity, re-suiting in his name being placed on KZ.’s birth certificate. On March 13, 2003, K.Z. was placed in state custody. On July 17, 2003, the State sought a child support order pursuant to La. R.S. 46:236.1. On August 7, 2003, the 40th Judicial District Court ordered A.Z. to pay child support at the rate of $188.44 per child per month.[2] A January 8, 2004 judgment then decreased A.Z.’s obligation to $138.44 per child per month, effective December 4, 2003.
The State filed a rule for contempt against A.Z. on February 12, 2011 for nonpayment of the accrued child support for K.Z. in the amount of $1,752.60, the total arrearages calculated to February 10, 2010. This amount was calculated based on the monthly amount set by the trial court up to the date when the OCS proceeding terminated A.Z.’s parental rights. At the contempt hearing for non-payment of child support in the 40th Judicial District Court, the matter was submitted on memoranda without a hearing.
On August 16, 2011, the trial court issued a judgment declaring sua sponte A.Z. not to be the biological father of K.Z. and declaring the entire child support obligation null and void and without effect. The trial judge ruled that the DNA test results were in evidence,[3]
On August 23, 2011, the State filed a motion for a new trial. The matter was retried on April 4, 2012. In an April 9, 2012 judgment, the trial court reiterated that based on the paternity testing, defen *1152 dant is not the father of K.Z. In said judgment, the trial court declared the ac-knowledgement null and void, invalidated |4the child support judgment, ordered the return to A.Z. of any monies paid by A.Z., and held by the State, and dismissed the State’s action for arrearages of child support accrued prior to the termination of parental rights.
The State devolutively appealed on June 22, 2012.

ASSIGNMENTS OF ERROR

The State makes the following assignments of error.
A) The trial court erred in declaring the child support judgment invalid.
B) The trial court erred in terminating the child support arrearages that accumulated pursuant to a valid child support order.
C) The trial court erred in declaring the acknowledgement of paternity null and void and producing no effects retroactively as a result of unrelated, independent DNA testing.
D) The trial court erred in declaring A.Z. not to be the father of the minor child, without any formal pleading being filed with the court asking for such relief.
E) The trial court erred in adopting and reiterating its previous judgment of August 24, 2011[sic].

STANDARD OF REVIEW

If the trial court’s decision was based on its erroneous application of the law rather than on a valid exercise of discretion, the trial court’s decision is not entitled to deference by the reviewing court. Guillory v. Hebert, 08-659 (La.App. 5 Cir. 1/12/10), 31 So.3d 1097.

LAW AND DISCUSSION

The State seeks child support from an August 7, 2003 judgment setting the monthly support amount to be paid by A.Z. for K.Z., a minor child, acknowledged by authentic act. La. R.S. 9:405 provides:
In child support, custody, and visitation cases, the acknowledgement of paternity by authentic act is deemed to be a legal finding of paternity and is sufficient to establish an obligation to support the child and to establish visitation without the necessity of obtaining a judgment of paternity.
[ sA.Z.’s acknowledgement acts as a legal finding of paternity and was sufficient to establish the obligation of support under La. R.S. 9:405.[4] The acknowledgment thus served as the basis for the 2003 child support judgment.
The arrearages due under that judgment, $1,752.60, constitute an obligation due and owing and cannot be waived under existing Louisiana law. See La. R.S. 9:406(B)(3). The arrearages accrued before the OCS decision to terminate A.Z.’s parental rights; A.Z. cannot avail himself of this child support contempt proceeding to change the original child support judgment.
The issue of paternity, its acknowledgement or revocation, was not before the trial court in the form of a pleading for revocation, annulment, etc. An acknowl-edgement can only be revoked under certain circumstances. La. R.S. 9:406. An acknowledgement can be revoked without cause within 60 days, a circumstance not *1153 applicable here. La. R.S. 9:406(B). Pursuant to the current two-year prescriptive period, a father who acknowledged a child before 2008 may revoke an acknowledgement by petitioning the court by ordinary process[5] and providing proof that such act was procured by fraud, duress, material mistake of fact or error, or that the person is not the biological parent of a child by clear and convincing evidence. La. R.S. 9:406(B)(1).
The posture of this case is confused by the parallel OCS proceeding which terminated A.Z.’s parental rights. The State even admits that the issue of paternity has become “somewhat moot” in that there is no longer a need to revoke or nullify the acknowledgement due to the termination of parental rights in the OCS case. Despite its position, the State Correctly did not waive its assignment of error that the trial court erred in declaring the acknowledgment null and void.
| sin addressing this assignment of error, we find that the only way to revoke an acknowledgement of paternity is to follow the legislative requirements of La. R.S. 9:392(A)(7)(b) and the subsequently enacted La. R.S. 9:406(B)(1). As no petition was filed as to revocation of paternity, the trial court’s action in revoking the acknowledgement in this proceeding was erroneous. Here, A.Z. did not meet his burden for terminating paternity. Fleming v. Armant, 12-43 (La.App. 5 Cir. 5/31/12), 97 So.3d 1071.
We find that the proper procedure requiring a petition was not followed, and the arrearage here cannot be affected by any judgment of revocation at this time. La. R.S. 9:406(B)(3) provides:
The test results certified under oath by an authorized representative of an accredited laboratory shall be filed with the court and shall be admissible on the issue of paternity pursuant to R.S. 9:397.3. If the test results show a statistical probability of ninety-nine point nine percent or greater, a rebuttable presumption of paternity shall be established. If the acknowledged father is found to be excluded by the tests, an action seeking support or an established order of support shall be dismissed and the acknowledgment of paternity shall be revoked. A judgment dismissing an established order of support does not affect a child support payment or ar-rearages paid, due or owing prior to the date the revocation action was filed. (Emphasis added).
The trial court, although understandably frustrated with the multi-layered protections the law provides for the child, was manifestly erroneous in dismissing the ar-rearages, as the support order was lawful, and the due and owing arrearage was not to be dismissed even with evidence of genetic testing, absent a properly filed petition and hearing under La. R.S. 9:406 and La. R.S. 9:392(A)(7)(b).
The State correctly contends that under La. R.S. 9:406(0(3), it has no responsibility to reimburse child-support paid and being held by the State or any costs and that $1,752.60 is owed by appellee A.Z. A.Z. is entitled to credit for any child support payments made by A.Z. and held by the State.
1 ^CONCLUSIONS
We find reversible errors of law: the trial court erred in revoking the acknowl- *1154 edgement of paternity without requiring a petition, notice, and joinder of the issue; in waiving child support due and owing; and in ordering that A.Z. be reimbursed for monies collected but held by the State. Accordingly, we reverse the judgment of the trial court under review and remand the matter for proceedings consistent with this opinion.

REVERSED AND REMANDED

. The court uses initials to maintain the confidentiality of records and reports concerning juveniles. La. Ch.C. art. 412.

. The order involved two children; the matter at hand pertains only to the collection of child support arrearages for the minor K.Z.

.The August 16, 2011 judgment provides that "[t]he results of a DNA test excluding A.Z. as [K.Z.’s] biological father has been submitted to the court as evidence.”

. The language of La. R.S. 9:392.1 mirrors that of La. R.S. 9:405.

. La. R.S. 9:406(B)(2) states that “[t]he mover shall institute the proceeding by ordinary process.” (Emphasis added).