MARC E. JOHNSON, Judge.
| gDefendant/Appellant, Chisesi Investments, L.L.C. (hereinafter referred to as “Chisesi”), appeals the trial court’s judgments awarding Plaintiff/Appellee, Nicole Mary Hernandez, damages and attorney’s fees for a redhibition claim filed in the 24th Judicial District Court, Division “D”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On September 28, 2010, Ms. Hernandez purchased the property located -at 8409 Haring Road in Metairie, Louisiana from Chisesi for the purchase price of $169,000.00. The Act of Cash Sale contained a waiver of any warranties. Prior to the Act of Cash Sale, on August 18, 2010, Ms. Hernandez had a property inspection performed by Henry & Hatchett Inspection Services. The addendum to the property inspection noted the following regarding the slab of the home:
SLAB
Voids were noted at slab perimeter and there is a lot of subsidence under the slab. ADEQUATE AMOUNT OF FILL TO BE PUT UNDER HOUSE AND AROUND PERIMETER.
Under the “STRUCTURE” section, there was a comment noting:
Voids at the slab perimeter must be kept backfilled to prevent moisture entry and possible ground subsidence or foundation settlements. Sand appears to have been recently been placed around |sthe perimeter however it is already starting to wash out and create voids that may let water seep under the house. Heavy ground subsidence was noted at the bathroom tub access panels (to at least three feet beneath the.underside of the slab).
In response to the property inspection, Chisesi hired Mark Peterson of Soil Depot, L.L.C. -to address the deficiencies listed in the property inspection report. Soil Depot, L.L.C. pumped sand around the bathtubs and around the foundation of the home. After that work was completed, the parties proceeded in the Act of Sale. In the spring of 2011, Ms. Hernandez noticed some erosion around her home. By the summer of 2011, the slab was exposed, and a void on one side of the home was noticeable.
Ms. Hernandez filed her Petition for Redhibition and Damages on September 21, 2011. Chisesi filed a Motion for Summary Judgment, alleging Ms. Hernandez failed to give it timely notice of the redhi-bitory defect. The trial court denied the motion, and a bench trial was set for August 26, 2013. In its' ruling from the bench, the trial court found Chisesi failed to notify Ms. Hernandez of an additional void, located underneath the slab during Mr. Peterson’s first inspection. The court held that it was Chisesi’s duty to inform Ms. Hernandez of the additional void, and the failure to inform her of it vitiated her waiver of the redhibitory defects. The court also found that Chisesi did not adequately fill underneath the residence. On September 5, 2013, the trial court rendered a written judgment against Chisesi on the redhibition claim and reserved judgment on the issue of damages pending the filing of post-trial memoranda.
On September 24, 2013, the trial court awarded Ms. Hernandez damages in the amount of $10,864.68 together with court costs and interest. On the same date, Ms. *916 Hernandez filed a Motion for New Trial on the issues of the denial of damages for the inconvenience associated with the diminished use of the property and |4attorney’s fees. Chisesi also filed a Motion for New Trial on October 2, 2013, contending the September 24, 2013 judgment was contrary to law and evidence. On October 28, 2013, the trial court denied Chisesi’s motion and Ms. Hernandez’s motion relative to the issue of damages for inconvenience. The trial court granted a new trial on the issue of Ms. Hernandez’s attorney’s fees. On December 2, 2013, the trial court awarded Ms. Hernandez $6,817.00 for attorney’s fees. The instant appeal by Chi-sesi followed those judgments.
ASSIGNMENTS OF ERROR
On appeal, Chisesi alleges the trial court erred in: 1) awarding Ms. Hernandez damages for redhibitory vices and/or defects; 2) awarding attorney’s fees to Ms. Hernandez after finding Chisesi acted in bad faith; 3) failing to find that Ms. Hernandez had not mitigated her damages; and 4) awarding damages to Ms. Hernandez because the evidence was speculative.
LAW AND ANALYSIS

Damages for Redhibitory Vices and/or Defects

Chisesi alleges the trial coui’t erred in awarding Ms. Hernandez damages for redhibitory vices and/or defects. Chisesi argues that Ms. Hernandez’s petition failed to allege that the house was either absolutely useless for its intended purpose or its use was so inconvenient or imperfect that, judged by the reasonable person standard, had she known of the defect, she would never have purchased it. Chisesi further argues that the evidence was clear that Ms. Hernandez only performed a cursory inspection of the home and could have easily moved a small portion of the sand around the slab to determine if the requirements of the inspection response form had been satisfied. Chisesi contends the law clearly required Ms. Hernandez to perform an examination with a perspective of ascertaining the home’s soundness, not just casual inspection. Chisesi also argues that Ms. Hernandez [Tailed to prove by a preponderance of the evidence that the defects existed at the time of the sale. Chisesi avers that Ms. Hernandez admitted that she never provided any written notice to it, and she testified that she did not notice any problems until six to seven months following the Act of Sale. Chisesi contends that Ms. Hernandez failed to prove the existence of a defect through those admissions.
Conversely, Ms. Hernandez argues her Petition for Redhibition and Damages alleged Chisesi agreed to correct the deficiencies; it intentionally failed to correct the deficiencies; and it intentionally failed to disclose to her the remaining deficiencies prior to the sale. Ms. Hernandez contends that proof the defect existed at the time of the sale can be logically ascertained from the property inspection report coupled with the failure of Chisesi to cure the defect prior to the sale. Ms. Hernandez further argues the testimony of Mr. Peterson informing Chisesi that the amount of fill was not adequate and that Chisesi instructed him to place fill around the perimeter and under the tub boxes provided further proof that the defect existed at the time of the sale.
The seller warrants the buyer against redhibitory defects in the thing sold. La. C.C. art. 2520. A home has a redhibitory defect when it is so inconvenient or imperfect that, judged by the reasonable person standard, had the buyer known of the defect, the buyer would never have purchased the home. Connell v. *917 Davis, 06-9 (La.App. 5 Cir. 10/17/06); 940 So.2d 195, 204, writ denied, 06-2810 (La.1/26/07); 948 So.2d 175 and writ denied, 06-2839 (La.1/26/07); 948 So.2d 178. The existence of such a defect gives a buyer the right to obtain rescission of the sale or a reduction of the price. La. C.C. art. 2520. In a redhibitory action, the plaintiff must prove that the thing sold contained a hidden defect that was not | apparent upon ordinary inspection. Guillory v. Hebert, 08-659 (La.App. 5 Cir. 1/12/10); 31 So.3d 1097,1100.
A seller owes no warranty for defects that were known to the buyer at the time of the sale or that should have been discovered by a reasonably prudent buyer. Newton v. Dongieux, 13-776 (La. App. 5 Cir. 6/24/14); 145 So.3d 478, 480.
The obligation on the seller is to warrant the home against hidden defects which cannot be discovered by a simple inspection. Apparent defects are those that the buyer might have observed by sim-pie inspection. Id. Hidden or non-apparent defects are those that a buyer could not have discovered by simple inspection. Id. Simple inspection involves more than mere casual observation. Id. Rather, it requires the buyer who observes the defects to conduct further investigation as would be conducted by a reasonably prudent buyer acting under similar circumstances. Whether an inspection is reasonable depends upon the facts of the case.
Lemaire v. Breaux, 00-1826 (La.App. 5 Cir. 4/11/01); 788 So.2d 498, 499.
The trial court’s ultimate determination as to whether a defect is egregious enough to warrant rescission of the sale or merely inconvenient enough to warrant a reduction in the price is factual in nature. Guillory, 31 So.3d at 1101. As such, the trial court’s findings are entitled to great weight on appeal and should not be disturbed, absent a finding of manifest error or that it is clearly wrong. Guillory, supra.
In this matter, Ms. Hernandez alleged in her petition that Chisesi knew of deficiencies in the property and agreed to correct the deficiencies. The petition also alleges Chisesi intentionally failed to correct the deficiencies and intentionally failed to disclose the failure to Ms. Hernandez. The petition further states that the defects meet the definition of redhibition as defined in La. C.C. art. 2520, et seq. Thus, from these allegations, we find that Ms. Hernandez’s petition states a cause of action in redhibition.
|7At the trial in this matter, Ms. Hernandez testified that she notified Chisesi of the voids underneath the home. She stated that she was under the belief that the deficiency had been corrected because she noticed there was one to two feet of fresh sand and/or soil around the perimeter of the house while doing her final, pre-sale walkthrough. Ms. Hernandez also testified that, about six months after the sale, she noticed there was a subsidence issue with the home.
Mr. Peterson, who qualified as an expert plumber with a specialty in underslab repairs, testified that he informed Chisesi in August 2010 that there was a large void underneath the home where dirt was removed and never refilled. He further testified that he recommended to Chisesi that the large void underneath the slab be filled; however, Chisesi only wanted to fill in sand around the perimeter of the home and the tub boxes. Mr. Peterson stated that Chisesi did not have an adequate amount of fill placed underneath the slab. When asked whether a homeowner could determine if a void had been adequately filled once sand is placed around the pe *918 rimeter of the slab, Mr. Peterson responded, “No.”
After reviewing the evidence presented at trial, we cannot conclude the trial court was manifestly erroneous in finding that the home sold by Chisesi had a known redhibitory defect that vitiated the waiver. Although Chisesi’s argument focuses on the deficiencies listed in the property inspection report, the trial court found that Chisesi failed to adequately fill the area noted in the report and failed to fill an additional large void the report did not specify. Mr. Peterson’s testimony supports the trial court’s finding. Mr. Peterson’s testimony also supports the conclusion that the defects could not have been discovered by Ms. Hernandez during a simple inspection. Therefore, we affirm the trial court’s determination that Ms. Hernandez was entitled to damages for redhibitory vices and/or defects.
| (¡Award of Attorney’s Fees
Chisesi alleges the trial court erred in finding it acted in bad faith and in awarding Ms. Hernandez attorney’s fees. Chisesi asserts that Ms. Hernandez’s petition fails to allege fraud with particularity. Additionally, Chisesi asserts the waiver of redhibition cannot be set aside because Ms. Hernandez did not prove fraud in the inducement of the contract. Chisesi contends that at the time of the Act of Sale, Ms. Hernandez knew that an “adequate” amount of fill was needed under the house and around the perimeter because it was listed in the pre-purchase inspection of the home. Chisesi avers that Ms. Hernandez did not request a complete fill under the slab, nor did it obligate itself to completely fill it. In addition, Chisesi avers there was no evidence that its representative, Mr. Peterson, had any other knowledge of the extent of the subsidence under the slab than what was noted on the inspection report. Chisesi contends the trial court relied upon erroneously admitted photographs to conclude the existence of “huge voids” underneath the slab, as those photographs did not accurately depict the condition at the time of the Act of Sale.
Ms. Hernandez argues that the testimony of Mr. Peterson proved that Chisesi was aware of the “huge voids” under the house at the time of the sale. Additionally, Ms. Hernandez asserts that the testimony of Baptiste Chisesi, Chisesi’s sole managing partner, about his conversation with Mr. Peterson concerning the “big hole” proves his knowledge of the defect prior to the sale.
A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable for, among other things, reasonable attorney’s fees. La. C.C. art. 2545. Whether a seller is in bad faith is a question of fact subject to the manifest | serror standard of review. Ollis v. Miller, 39,087 (La.App. 2 Cir. 10/29/04); 886 So.2d 1199,1209.
As mentioned earlier, the trial court found Chisesi failed to adequately fill the area specified in the property inspection report and failed to inform Ms. Hernandez of an additional void located underneath the slab. Mr. Peterson testified that he informed Chisesi of the large void underneath the home, but Chisesi chose not to fill that void. Additionally, Mr. Peterson testified that the amount of fill he was instructed to place was not an adequate amount. This evidence is sufficient to support the trial court’s finding of bad faith and its award of attorney’s fees. Therefore, we do not find the trial court erred in awarding Ms. Hernandez attorney’s fees. Mitigation of Damages
Chisesi alleges the trial court erred in failing to find that Ms. Hernandez *919 did not mitigate her damages. Chisesi contends Ms. Hernandez had an affirmative duty to mitigate her damages. Chise-si argues that the trial court should have reduced the damages award due to Ms. Hernandez’s failure to put any type of barrier at the perimeter of the house.
In response, Ms. Hernandez argues that the scope 'of a party’s duty to' mitigate depends on the particular facts of the individual case, and a party is not required to take actions which would likely prove unduly costly or futile. Ms. Hernandez also argues Chisesi failed to submit evidence that proved the costs to correct the defects were more at the time of trial than the costs at the time she discovered the defects.
La. C.C. art. 2522 provides,
The buyer must give the seller notice of the existence of a redhibitory defect in the thing sold. That notice must be sufficiently timely as to allow the seller the opportunity to make the required repairs. A buyer Imwho fails to give that notice suffers diminution of the warranty to the extent the seller can show that the defect could have been repaired or that the repairs would have been less burdensome, had he received timely notice.

Such notice is not required when the seller has actual knowledge of the existence of a redhibitory defect in the thing sold.

(Emphasis added).
As determined by the trial court, Chisesi had actual knowledge of the redhibitory defects underneath the slab of the home. Thus, pursuant to La. C.C. art. 2522, Ms. Hernandez was not required to give Chise-si any notice. Even if Chisesi did not have actual notice, Ms. Hernandez testified that she notified Chisesi of the subsidence issue; but Chisesi did not attempt to remedy the problem. Either way, Ms. Hernandez was in compliance with La.' C.C. art. 2522. Therefore, we do not find the trial court was required to reduce Ms. Hernandez’s award on the basis that she failed to mitigate her damages.

Award of Damages

Chisesi alleges the trial court erred in awarding damages to Ms. Hernandez' because the evidence presented was speculative. Chisesi avers that Ms. Hernandez failed to introduce evidence of the exact amount of sand it would take to adequately fill the void underneath the slab, and the estimate provided by Mr. Peterson to Ms. Hernandez was insufficient evidence. As a result, Chisesi contends that the. evidence was speculative and that Ms. Hernandez failed to carry the burden of proof to show damages with a greater degree of certainty. Chisesi further avers that Ms. Hernandez is not entitled to damages because, pursuant to the inspection report, the term “adequate” does not equate to completely filling all of the voids underneath the house; thus, there was no breach of the contract.
Ms. Hernandez contends she submitted sufficient proof of damages through the estimate of Mr. Peterson that the cost to fill the voids under the slab was | n$H,247.00. Ms. Hernandez asserts that the sum of the estimate aggregated with the cost of the plants damaged as a result of the soil erosion in the amount of $500.00 covers the total costs of repairs necessary to correct the deficiencies. Thus, Ms. Hernandez avers the damages award was proper.
A seller who knows that the thing he sells has a defect but omits to declare it is liable to the buyer for damages and, attorney’s fees. La. C.C. art. 2545. In a successful action for a reduction of the purchase price, an allowable diminution is “the amount necessary to convert the unsound structure into a sound *920 one,” or as otherwise expressed, “the cost of repairs necessary to make the thing whole.” Connell, 940 So.2d at 208. Because much discretion is accorded to the trier of fact in fixing damage award, an appellate court should rarely disturb an award of damages. Id. at 209.
At trial, Ms. Hernandez testified that she received three repair estimates, one of which was from Peterson Plumbing Video Drain Sewer Service formally known as Soil Depot, L.L.C. Mr. Peterson gave Ms. Hernandez an estimate proposal in June 2012, which included an estimate to pump sand under the slab of the home. That estimate was submitted into evidence. Also, Mr. Peterson testified that the estimate included 212 yards, which was the same estimated amount he recommended to Chisesi to fill under the slab. Because the evidence supports the trial court’s award, we cannot find the trial court abused its discretion in awarding Ms. Hernandez $10,864.68.
DECREE
For the foregoing reasons, we affirm the trial court’s judgments in favor of Nicole Mary Hernandez and against Chisesi Investments, L.L.C. Chisesi Investments, L.L.C. is to bear the costs of this appeal.
AFFIRMED