| LEONARD A. RADLAUER | * | NO. 2019-CA-0311 |
| --- | --- | --- |
| VERSUS | * | |
| | | COURT OF APPEAL |
| REMAX AND PAT CURTIS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2006-11090, DIVISION "D"
Honorable Nakisha Ervin-Knott, JUDGE
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)


John M. Robin
Zachary D. Rhodes
Catherine M. Robin
LAW OFFICE OF JOHN M. ROBIN
600 Covington Center
Covington, LA 70433

  COUNSEL FOR PLAINTIFF/APPELLANT


Timothy S. Madden
Diana J. Masters
KING & JURGENS, LLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170

  COUNSEL FOR DEFENDANT/APPELLEE


       **AFFIRMED**


       **AUGUST 14, 2019**

The Appellant, Sally Owens Radlauer,[1] seeks review of the January 2, 2019 judgment of the district court granting the motion for summary judgment of the Appellee, Dr. Stephen Brint. Pursuant to our *de novo* review, we affirm the judgment of the district court, finding that Dr. Brint established that there was no genuine issue of material fact as to whether a redhibitory defect existed on the Property at issue.

**FACTS AND PROCEDURAL HISTORY**

In 1999, Dr. Brint purchased 34 Nassau Dr. ("the Property) in Jefferson Parish from Carl J. Eberts. At the Act of Sale in September 1999, Mr. Eberts executed a property disclosure statement ("the 1999 Property Disclosure") which stated that the Property sustained a "small amount of water seepage" in May 1995. Dr. Brint signed the 1999 Property Disclosure as well, thereby acknowledging that he was informed of the details therein.

---

[1] Leonard A. Radlauer, the husband of Mrs. Radlauer, was the initial plaintiff. He passed away on August 29, 2010. Mrs. Radlauer later moved to substitute her late husband and to be added as a plaintiff. The district court granted her motion in December 2010.

In 2004, Mr. and Mrs. Radlauer, represented by ReMax real estate agent, Pat Curtis, made an offer to Dr. Brint to purchase the Property. Dr. Brint was represented in the real estate negotiations by agent Peggy Hepting. On August 15, 2004, the Radlauers and Dr. Brint executed an "Agreement to Purchase or Sell" the Property.

Prior to the Act of Sale, Mr. Radlauer inquired of Ms. Curtis whether the Property had ever flooded because he was aware that other homes in the same neighborhood sustained water damage. Mr. Radlauer testified[2] that Ms. Curtis informed him, before the Act of Sale, that the Property had no history of flooding.

It is contested between the parties whether Dr. Brint provided the Radlauers with the 1999 Property Disclosure and thereby disclosed the 1995 water seepage prior to the Act of Sale. Dr. Brint and agents Hepting and Curtis testified that Ms. Hepting provided the 1999 Disclosure to Ms. Curtis. Ms. Curtis testified that she provided the form to the Radlauers, which Mrs. Radlauer denies and Mr. Radlauer denied in his testimony.

The Act of Sale occurred on November 15, 2004. Two documents were executed at the sale: a Property Disclosure (2004 Property Disclosure) and an "As Is Clause" addendum. In the 2004 Property Disclosure, Dr. Brint checked "no" in response to question 4, "Has any flooding . . . been experienced with respect to the

---

[2] Mr. Radlauer was deposed prior to his death.

land?" Dr. Brint testified that he completed the 2004 Property Disclosure form himself, based upon his experience with the Property.[3]

Moreover, the "As Is" addendum included a waiver of redhibition stating that the Radlauers were not relying upon "any representations, statements or warranties" made by Dr. Brint or his agents regarding the condition of the Property. The sale occurred approximately 9 months before Hurricane Katrina. The Property sustained flood damage as a result of Hurricane Katrina.

**Procedural History**

In 2006, Mr. Radlauer filed suit against Ms. Curtis[4] and ReMax. Mr. Radlauer thereafter filed five supplemental and amending petitions. Dr. Brint was added as a defendant in Mr. Radlauer's First Supplemental and Amending Petition dated August 28, 2006, wherein Mr. Radlauer raised claims of redhibition and sought rescission of the sale and return of the purchase price.[5]

On August 29, 2007, in a separate proceeding in the 24th Judicial District Court of Jefferson Parish, Regions Bank filed "Suit to Enforce Mortgage by

---

[3] Dr. Brint testified that his rationale for checking "no" was because the Property did not flood or sustain any water seepage during his ownership. Therefore, he did not believe that disclosing the May 1995 seepage event constituted a flooding or water intrusion problem necessitating disclosure.

[4] During the pendency of this lawsuit, Ms. Curtis passed away in 2009.

[5] Mr. Radlauer later filed a second "First Supplemental and Amending Petition" in May 2009, wherein he again sought rescission of the sale and return of the purchase price from Dr. Brint. He further alleged that Dr. Brint:

- misrepresented, suppressed or omitted the true information known to him that the Property and house had flooded;
- by so doing, Dr. Brint intended to obtain an unjust advantage or caused damage and/or inconvenience to Mr. Radlauer; and
- Dr. Brint's actions/omissions relate to circumstances which substantially influenced Mr. Radlauer's consent to purchase the Property.

3

Ordinary Process" against the Radlauers, and a judgment of foreclosure was rendered on or about March 25, 2008. The Property was later sold at Sheriff's sale.

Thereafter, the parties in the instant matter filed cross motions for summary judgment, which were denied by the district court on June 12, 2009. Dr. Brint later re-urged his motion for summary judgment in June 2010; however, it was continued until he re-urged it again on September 18, 2018.[6] In his motion for summary judgment and supplemental memorandum in support thereof, Dr. Brint raised five arguments:

1. Mr. Radlauer was made aware of the fact that the property at issue experienced a small amount of water seepage in May 1995. Notwithstanding this knowledge, Mr. Radlauer still decided to purchase the subject property;

2. Dr. Brint did not mislead Mr. Radlauer in any way; rather, he properly disclosed all facts within his knowledge regarding the property prior to his sale of same to Mr. Radlauer;

3. The remedy of rescission is untenable because Mrs. Radlauer no longer owns the subject property, and therefore, cannot tender it to Dr. Brint as required by Louisiana law;

4. Pursuant to the "As Is" Addendum the Radlauers waived their right to sue Dr. Brint in redhibition; and

5. The Property did not have a redhibitory defect that Dr. Brint was obligated to disclose because the Property only flooded during extraordinary rainfall and/or natural disasters. Thus, the Property did not have a propensity to flood that would constitute a redhibitory defect.

---

[6] He additionally filed a supplemental memorandum in support of his motion for summary judgment prior to the scheduled hearing.

4

Following a hearing on Dr. Brint's re-urged motion for summary judgment, the district court granted the motion on January 2, 2019. This timely appeal followed.

On appeal, Mrs. Radlauer raises three assignments of error:

1. The district court erred by granting Dr. Brint's motion for summary judgment because the testimony of Mr. Radlauer conflicts with that of Dr. Brint, Ms. Hepting and Ms. Curtis.

2. The district court erred in granting summary judgment on the basis of the Property's susceptibility to flooding, considering that Mr. Radlauer testified that he would not have purchased the Property had there been any history of water intrusion.

3. The district court erred, in its Reasons for Judgment, in relying on Dr. Brint's argument that flooding "during a declared disaster does not create a redhibitory defect and consequently does not create a duty to disclose."

Prior to addressing the assignments of error, we note that the relief sought by Mrs. Radlauer in the instant matter is rescission and return of the sale price. As noted above, the Radlauers lost the Property in foreclosure proceedings and it was subsequently sold at sheriff's sale. Consequently, rescission and return of the sale price are no longer available remedies because Mrs. Radlauer cannot return the Property to Dr. Brint. Nevertheless, we note that a reduction of the purchase price remains as a possible redhibitory remedy under La. Civ. Code art. 2520.[7]

---

[7] Although Mrs. Radlauer has not filed another supplemental and amending petition changing her prayer for relief, courts are vested with the power to grant the relief a party is entitled to "under the pleadings and evidence." *W. Dev. Grp., Inc. v. Shlosman*, 32,343, p. 5 (La. App. 2 Cir. 9/22/99), 744 So.2d 197, 201 (citing La. Code Civ. Proc. art 862).

**Standard of Review**

The summary judgment procedure, which is favored, is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. La. Code Civ. Proc. art. 966 (A)(2). Following "an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. Code Civ. Proc. art. 966 (A)(3). The purpose of the summary judgment procedure is "to pierce the pleadings and to assess the proof in order to see whether there exists a genuine need for trial." *Bridgewater v. New Orleans Reg'l Transit Auth.*, 15-0922, p. 4 (La. App. 4 Cir. 3/9/16), 190 So.3d 408, 411 (citation omitted).

Summary judgment procedure further provides for the shifting of the burden of proof where the mover will not carry the burden of proof at trial:

> [I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La. Code Civ. Proc. art. 966 (D)(1).

In response to a properly supported motion for summary judgment, the non-moving party may not rest on the mere allegations of his or her pleading, but must provide a response setting "forth specific facts showing that there is a genuine

issue for trial." La. Code Civ. Proc. art. 967(B). If the non-moving party fails to respond, "summary judgment, if appropriate, shall be rendered against him." *Id.*

Appellate courts review the granting of a summary judgment motion *de novo*. *Sislo v. New Orleans Ctr. for Creative Arts*, 16-0178, p. 4 (La. App. 4 Cir. 8/17/16), 198 So.3d 1202, 1205 (citations omitted). Moreover, appellate courts apply "the same criteria governing the trial court's consideration of whether summary judgment is appropriate." *Wilson v. Calamia Const. Co.*, 11-0639, p. 3 (La. App. 4 Cir. 9/28/11), 74 So.3d 1198, 1200. "The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case." *Lejeune v. Steck*, 13-1017, p. 5 (La. App. 5 Cir. 5/21/14), 138 So.3d 1280, 1283.

**Existence of a Redhibitory Defect**

We address Mrs. Radlauer's third assignment of error first. She assigns as error the district court's finding in its Reasons for Judgment that because the Property only flooded twice— both times during major disasters— that Mrs. Radlauer failed to show that a redhibitory defect exists. Appellate courts, however, only review judgments, not reasons for judgment. A "district court's oral or written reasons for judgment form no part of the judgment." *Chapital v. Harry Kelleher & Co.,* 13-1606, pp.16-17 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 88 (quoting *Wooley v. Lucksinger,* 09-0571, p. 77 (La. 4/1/11), 61 So.3d 507, 572). Therefore, we focus instead on whether a genuine issue of material fact exists as to whether the Property's alleged propensity to flood or experience water seepage is in fact a redhibitory defect under the facts presented and the applicable law.

Dr. Brint in his "Supplemental Memorandum in Support of his Motion for Summary Judgment" asserted that the Property was not susceptible to flooding because the Property had only flooded or experienced water seepage two times, each time during a natural disaster. Thus, he maintained that Mrs. Radlauer could not establish that the Property had a redhibitory defect.

Mrs. Radlauer maintains that Dr. Brint did not establish a causal connection between the May 8, 1995 flood and the water seepage the Property experienced in "May 1995" in his Motion for Summary Judgment. Consequently, Mrs. Radlauer avers that the district court should not have taken judicial notice of the Property sustaining water damage during two natural disasters.[8] We disagree.

In opposition to the re-urged Motion for Summary Judgment, Mrs. Radlauer filed a Response to Dr. Brint's Statement of Uncontested Facts on October 18, 2018. She attached to her response a copy of National Flood Insurance Program Property Loss History for the Property sent by FEMA in May 2006, as exhibit 7. Said exhibit reflects that a flood payment had been made for property loss sustained on "05/08/1995" as well as for a loss sustained during Hurricane Katrina, "08/29/2005." No other dates are stated. Both dates relate to natural disasters that impacted the greater New Orleans metro area and have been judicially recognized as such.[9] There are no other dates on the Property Loss History reflecting other flooding events at the Property and Mrs. Radlauer has not presented evidence of

_____

[8] It is not contested that the Property flooded a second time during Hurricane Katrina.
[9] For example, *Cooper v. Omaha Prop. & Cas. Ins. Co.*, No. CIV. A. 96-0658, 1997 WL 391439, at *1 (E.D. La. July 10, 1997)[ holding that "On May 8, 1995, the New Orleans Metropolitan area, including Metairie, Louisiana, experienced a general condition of flooding."].

dates when the Property flooded or experienced water seepage unconnected to a natural disaster or extraordinary rainfall.

A seller warrants the buyer against redhibitory defects, or vices, in the thing sold. La. Civ. Code art. 2520. "In a redhibitory action, the plaintiff must prove that the thing sold contained a hidden defect that was not apparent upon ordinary inspection, which rendered the thing unfit for its intended use or so imperfect that the purchaser would not have bought it had he known of the defect." *Guillory v. Hebert*, 08-659, p. 4 (La. App. 5 Cir. 1/12/10), 31 So.3d 1097, 1100 (citation omitted); *Id*.

"Susceptibility to flooding can be a redhibitory defect." *McCarthy v. E & L Dev., Inc.*, 45,683, p. 9 (La. App. 2 Cir. 11/10/10), 54 So.3d 1143, 1148. "Susceptibility, as that term is used, means a propensity, proneness or predisposition to flooding under normal conditions." *Braydon v. Melancon*, 462 So.2d 262, 263 (La. App. 1st Cir. 1984) (citing *Smith v. Kennedy*, 392 So.2d 177, 178 (La. App. 2nd Cir.1980)). "While a house's susceptibility to flooding is a redhibitory defect, the mere fact that a house has flooded under extraordinary rainfall is not a redhibitory defect." *Id.; Moses v. Walker*, 98-58, p. 5 (La. App. 3 Cir. 6/17/98), 715 So.2d 596, 599.

The record is clear in this matter that the Property flooded twice in a 10-year period, each flood occurring at the time of a natural disaster and both bringing extreme rainfall, in addition to the levee breaches that occurred during Hurricane Katrina. Dr. Brint, as the mover on summary judgment, established that there is an

9

absence of factual support for Mrs. Radlauer's claim that the Property had a predisposition to flood under normal conditions. It was Mrs. Radlauer's responsibility, in response, to establish that there is a genuine issue of material fact. However, she failed to present factual support evidencing the Property flooded or experienced water seepage on days *not* marked by extraordinary rainfall.

Based upon the record and the applicable law, Dr. Brint established that there is no genuine issue of material fact as to whether the Property has a redhibitory defect, specifically a propensity to flood. Consequently, finding the issues raised on appeal—pertaining to conflicting testimony and whether Mr. Radlauer would have purchased the Property had he known of the alleged defect— are red herrings, we pretermit a discussion of the remaining assignments of error.

## DECREE

For the foregoing reasons and pursuant to our *de novo* review, we affirm the January 2, 2019 judgment of the district court, granting the motion for summary judgment of Dr. Stephen Brint, and dismissing the claims of Sally Owens Radlauer with prejudice.

**AFFIRMED**